STATE ex rel. CHILD VS. SMITH, County Judge, &c.

Upon every divorce from the bond of matrimony, for any cause except adultery committed by the wife, alimony may be allowed, under our statute. R. S., ch. 111, sec. 24.

The county court of Milwaukee county having "jurisdiction in all civil actions, * * equal to and commensurate and concurrent with the circuit court" for said county, except that "the value of the property or the amount of money in controversy in any action in said county court, exclusive of costs," is not to ex- ceed twenty thousand dollars (ch. 362, Laws of 1860), *Held,* that said court has jurisdiction of an action for divorce brought by the husband, where the com- plaint avers the amount and value of his property, and that it does not exceed twenty thousand dollars.

An affidavit for a *mandamus* to compel the judge of a court to proceed with the trial of a cause, is not sufficient if it merely shows that said court has jurisdic- tion of the cause, and that said judge refuses to proceed to a trial on the ground of an alleged want of such jurisdiction; but must also show that he refuses for the same reason to make any order in the cause (as, for example, an order of dismissal) from which the relator might appeal.

APPLICATION for a *Mandamus.*

This was an application for a *mandamus* to compel the judge of the county court of Milwaukee county to proceed to the trial of an action for divorce brought in said court by the rela- tor, *Cyrus Child,* against Elizabeth Child. The affidavit of the relator's attorney, filed in this court, shows the commencement of said action in the county court, the defendant's failure to appear, answer or demur within the time allowed by law; the issue of a commission to take testimony on the part of the plaintiff; the fact that the value of the property and the amount

of money in controversy in said action did not exceed twenty thousand dollars; and that the county judge refused to proceed to trial of the action, upon the ground that said county court had no jurisdiction of actions for divorce. A copy of the complaint is annexed to the affidavit. There is no allegation in it relative to the value of the property or amount of money in controversy.

To the alternative writ, the county judge made return that he had not complied &c., for the reason that said county court had not jurisdiction to hear, try and determine the matters and proceeding mentioned in the writ, and for no other cause. The relator demurred. Chap. 362, Laws of 1860, confers upon said county court "jurisdiction in all civil actions, both as to matters of law and equity, equal to, and commensurate and concurrent with, the circuit court of Milwaukee county;    *  *  *  Provided, that the value of the property, or the amount of money in controversy in any action in said county court, exclusive of costs, do not exceed twenty thousand dollars."

Carter, Pitkin & Davis, for the relator.

By the Court, DIXON, C. J. Upon every divorce from the bond of matrimony, for any cause excepting that of adultery committed by the wife, alimony may be allowed. R. S., ch. 111, sec. 24. Hence it may be allowed in the action commenced by the relator in the county court. For the purpose of determining the amount of such allowance, it becomes necessary for the court to examine and determine the amount and value of the property owned by the husband. We think, in order to confer jurisdiction upon the county court, that the amount and value of such property should be averred in the complaint, and that it does not exceed $20,000. With this averment we are of opinion that the court has jurisdiction to hear and determine such actions under the provisions of section two of chapter 362, Laws of 1860. But as the complaint, a copy of

Spaulding et al., Trustees &c., vs. Ford, impleaded &c.

which is annexed to the affidavit, contains no such averment, the peremptory writ of *mandamus* must be denied.

It must also be denied on another ground. The affidavit shows only that the county court refused to proceed with the trial. To lay the foundation for such an application, it should appear that the court refused to take any action. For though the court refused to try the case for want of jurisdiction, it still might not refuse to dismiss it for the same reason, and if dismissed the relator would have his remedy by appeal from the judgment or order of dismissal. ·

Application denied.