PAGE, Ex'r &c., vs. HARRISON.

*Jurisdiction of county court in foreclosure actions.*

A county court having jurisdiction of civil causes in which "the value of the property, or the amount of money in controversy," does not exceed a specified sum, *held* to have jurisdiction of a foreclosure suit where the debt was less than that sum, without regard to the value of the mortgaged property.

APPEALS from the County Court for *Milwaukee* County.

Foreclosure of a mortgage. The case is stated in the opinion.

*James G. Jenkins*, for appellant, cited and relied upon *State ex rel. Child v. Smith*, 19 Wis., 531.

*Butler & Cottrill*, for respondent:

By chapter 362, Laws of 1860, "there is hereby conferred upon the county court of Milwaukee county jurisdiction in all civil actions, both as to matters of law and equity,

equal to, and commensurate and concurrent with, the circuit court of Milwaukee county, and the said county court shall exercise the same powers and jurisdiction in all civil actions as are now exercised by the said circuit court: *Provided,* that the *value of the property, or the amount of money in controversy,* in any action in said county court, exclusive of costs, do not exceed twenty thousand dollars." This proviso evidently refers to two classes of actions. One class is that which directly affects property, real or personal, as partition suits, ejectment actions, proceedings for the sale of real estate of minors, replevin actions, and the like. The other is where the gist of the action is the amount of money in dispute between the parties. It is evident that the last class of actions may always in its results affect property exceeding twenty thousand dollars. The judgment in an *assumpsit* action may be for a small sum, and yet when docketed it may become a lien upon real estate exceeding twenty thousand dollars. An attachment may issue in which a debt of a thousand dollars only is sought to be recovered—the defendant may own a single block of buildings, or one large building on a small piece of ground worth a sum largely in excess of twenty thousand dollars—yet it would scarcely be argued that an attachment of this property, or a sale of it on the execution in such cases, would in the first case divest the court of jurisdiction, or in the second be void.

Cole, J. There are two appeals in this case, one from the judgment of foreclosure, and the other from the order confirming the sale of the mortgaged premises. The only question we deem it necessary to consider, is the one of jurisdiction. It is claimed that because the county court of Milwaukee county is one of limited jurisdiction, confined to actions where the value of the property, or amount of money in controversy, does not exceed twenty thousand dollars, there should have been an allegation in the complaint that the value of the mortgaged premises did not exceed this limitation. The action is brought to

foreclose a mortgage, and the amount of the mortgage debt, as stated in the complaint, is fifteen hundred dollars, with interest thereon at the rate of 7 per cent. from July 1st, 1864. Now, it seems to us very manifest, that the matter in controversy in this action is the amount due on the mortgage. The suit is brought to collect the mortgage debt, and judgment is rendered for the amount due. It is true, as a part of the relief granted in these actions, the court orders a sale of the mortgaged premises unless the debt is paid. But although the debt may be only fifteen hundred dollars, yet, it is said, the sale of the mortgaged premises may directly affect property largely exceeding in value twenty thousand dollars, when the mortgage is upon a single building, as a hotel, store or manufactory ; and hence the necessity for a proper averment in the complaint in respect to the value of the mortgaged premises so as to give the court jurisdiction. It appears to us that the counsel for the respondent have given a very satisfactory answer to this argument. The proviso in the first section of chapter 362, Laws of 1860, refers to two classes of actions: one class of which directly affects property, real or personal, as partition suits, actions of ejectment, replevin and the like : while the other is a class of actions in which the gist of the action is the amount of money in dispute between the parties. And while the last class of actions may in its results affect property exceeding twenty thousand dollars in value, yet this consequence does not divest the court of jurisdiction of such actions. In actions to foreclose mortgages, therefore, where the object of the suit is to collect the amount due on the mortgage, the question of jurisdiction is to be determined by the amount claimed, and not by the value of the mortgaged property. " The amount of money in controversy" is the sum due and secured by the mortgage, for which judgment is asked. The debt is the principal and the mortgage the incident ; and when the debt is paid, the mortgage is discharged. It is insisted that the decision of this court in the case of the *State ex rel. Child v. Albert Smith, Coun-*

*ty Judge, &c.* [19 Wis., 531], goes to the extent of holding that, in order to confer jurisdiction in foreclosure actions, the value of the mortgaged property must be alleged to come within the limitation of the proviso above cited. But this is a misapprehension of the doctrine of that case.

*By the Court.*—The judgment and order appealed from are affirmed.