GARD, Appellant, vs. BUTTERFIELD and others, Respondents.

*February 4—May 2, 1911.*

*Courts: Jurisdiction: Superior court of Douglas county.*

The superior court of Douglas county, created by ch. 33, Laws of 1893, and given powers and jurisdiction practically co-extensive with those of the circuit courts, except that the amount in controversy in civil actions and proceedings must not exceed five million dollars, is to be regarded as a court of general jurisdiction in the legal sense, and its judgment is evidence that it had jurisdiction of the cause in which such judgment was rendered, even if the record fails to show that the amount in controversy was within the limit above stated. *State ex rel. Child v. Smith,* 19 Wis. 531, distinguished.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Plaintiff brought this action in the superior court of Douglas county to bar the defendants under sec. 1197 *et seq.,* Stats. (1898), from claiming as original owners any right or interest in the lands involved. Three separate causes of action are alleged, each based on a separate tax deed. All relate to the same property. A copy of each deed is set out in full in

the complaint, and the persons through whom the plaintiff obtained his title are given. The relationship and heirship of some of the defendants to the former owners of the land involved and the fact that the other defendants are the wives of these defendants are alleged. The tax deeds recite the facts regarding the nonpayment of taxes and give the amounts for which the property was sold. There is no specific allegation in the complaint giving the value of the property.

Service was duly made. None of the defendants involved in this appeal answered. The court made findings of fact and conclusions of law, and judgment was duly entered in regular form on the findings on March 21, 1910, finding the plaintiff to be the owner in fee simple of the property and barring the defendants from all right, title, or interest in the premises.

On May 26, 1910, the next term of the court, the respondent defendants moved that the proceedings be vacated and set aside because it did not appear from the face of the records in the action that the court had jurisdiction of the subject matter and that the property was of a value within the jurisdiction of the court.

This is an appeal from the order of the court so vacating the judgment, holding the proceedings void, and allowing the respondents costs on the motion.

The cause was submitted for the appellant on the brief of *Solon Perrin,* and for the respondents on that of *D. E. Roberts.*

The following opinion was filed February 21, 1911:

SIEBECKER, J.   The superior court set aside its former judgment in the action on the ground that it acquired no jurisdiction of the cause because the record failed to disclose the value of the property involved in the litigation. The contention of the appellant is that under the law there is a presumption that this court had jurisdiction and hence its

judgment was valid and irrevocable, unless set aside for error during the term wherein it was rendered or on review on appeal or by writ of error in this court. There is no conflict as to the contention that if the superior court of Douglas county is, under its organization, a court of general jurisdiction, then jurisdiction will be presumed in this action, if it is of the class of actions wherein jurisdiction has been conferred. An inspection of the record removes all question as to whether the subject of controversy in this action is of the nature and class of which this court has jurisdiction. The legislative act creating this court is ch. 33, Laws of 1893. As amended it provides that the court thereby established shall be known as "the superior court of Douglas county," and should be vested with jurisdiction equal to that of the circuit court in all cases of crimes and misdemeanors arising in the county, in all. civil actions and proceedings in law and equity, except those arising under ch. 151, R. S. 1878, where the amount in controversy shall not exceed $5,000,000, and in all divorce actions. Appellate jurisdiction is conferred on it in all criminal cases appealed from the municipal and justices' courts of the county, and exclusive appellate jurisdiction of all civil cases appealed from such municipal and justices' courts. The judge of the court is given powers equal to those of circuit court judges in all actions and proceedings in this court. All provisions of law and rules of practice applicable to circuit courts are to be in force in this court so far as applicable. These and other provisions clearly show that the powers of the superior court are the same as those of circuit courts as to matters within its jurisdiction, and that its jurisdiction is practically co-extensive with the circuit court of the county, except that the amount in controversy in civil actions and proceedings is not to exceed $5,000,000. This, in the light of well recognized facts concerning the amounts involved in litigation, practically includes all actions and proceedings. Obviously, any litigation arising in Douglas county wherein

the amount in controversy would exceed this amount would
be an unexpected and rare exception.

From these conditions and circumstances it is evident that
the legislature intended to create a court with powers and
jurisdiction in this county the broadest permissible under the
constitutional provision (art. VII, sec. 2) authorizing the
legislature to establish inferior courts in the several counties
of this state with limited civil and criminal jurisdiction.
The limitation on its jurisdiction as compared with circuit
courts is the limit above specified as to the amount in con-
troversy.    In its organization and manner of procedure and
general character as a court it is very like the circuit court.
In its scope and functions it nearly approaches a court of un-
limited jurisdiction.    It is a reasonable inference that any
cause of the class included within its jurisdiction arising
within the county will not exceed in amount the limit to
which its jurisdiction is restricted without such fact being
made to appear on the record.    These facts furnish a founda-
tion for the presumption that the legislature intended that
this court, of such broad and comprehensive powers, was to
be regarded as a court of general jurisdiction in the legal
sense, and in that respect was to be classed with the circuit
courts of the state.    Of such courts, it is universally de-
clared that every presumption not inconsistent with the rec-
ord is to be indulged in favor of jurisdiction, and the record
in a cause or proceeding need not set forth the facts and evi-
dence showing affirmatively that the controversy adjudicated
is within such jurisdictional field.    The judgment of such a
court is evidence that the court had jurisdiction of the cause
in which it was rendered.

The respondent contends that the rule of *State ex rel. Child
v. Smith*, 19 Wis. 531, is applicable here.    In that case the
county court of Milwaukee county had jurisdiction conferred
upon it in actions at law and in equity, providing the amount
in controversy in any action did not exceed $20,000.    It is

manifest that this limitation was so restricted as not to confer jurisdiction of causes generally, but only of those which were specially shown to be within its limits, and hence it was necessary in each cause that the record should show upon its face that the court was exercising jurisdiction within its restricted and limited field.

We are constrained to hold that the court erred in holding that it acted without jurisdiction in the action and in directing that the order for the service of the summons, the summons, and the judgment in the action be vacated and set aside.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order denying the defendants' application.

The respondents moved that the above mandate be so modified as to direct the trial court to hear and decide a motion, addressed to its discretion, to relieve the respondents from the judgment and permit them to answer, even though a year may have elapsed since they had notice of the entry of the judgment, under the provisions of secs. 2831, 2832, Stats. (1898).

The motion was denied May 2, 1911.