### C. A. TURLEY v. R. BREWSTER AND OTHERS.

1. In a suit enjoining an execution sale of personal property claimed to be
   exempt, the plaintiff called a witness who stated that since the preli-
   minary injunction was granted he had purchased the property levied on.
   The defendant objected, and the court below ruled that the witness was
   disqualified by interest adverse to the defendant. *Held*, that the ruling
   was erroneous; the witness had no interest in the result of the suit, as
   the injunction relieved the property from the levy, and restored it to the
   defendant in execution, substituting in its place the security of the in-
   junction bond.

APPEAL from Harris. Tried below before the Hon. George
R. Scott.

The material facts are sufficiently stated in the opinion.

*Henderson & Whitfield*, for the appellant.—The witness stated
that since the institution of the suit by injunction he had purchased
the wagon from C. A. Turley. The defendant in the court below
excepted to his testimony on the ground of interest, which was
sustained by the court; to which ruling the appellant excepted, and
we contend that it was erroneous. Before the writ of injunction
could issue the appellant was compelled to enter into bonds, which
he did, and immediately upon the issuance of the injunction, the
wagon and two horses were released. Our Legislature, in pro-
viding that all judgments should operate as a lien, nowhere pro-
vides that such lien shall be upon personal property; but it ex-
tends exclusively to the realty. (General Laws 11 Legislature,
pp. 118, 119; Paschal's Digest, Art. 3783.)

The appellee's lien being confined to the realty, he cannot claim
a lien upon personal property. The granting of the writ of in-
junction changed the nature of the case altogether; the action
then became transferred to the appellant and his sureties on the
injunction bond. The appellee's remedy against the wagon and

horses was gone; and with the injunction dissolved, what claim has he upon the wagon? Can he pursue it in the hands of T. W. Bennett? Certainly not. Then, if he cannot seize it in the hands of Bennett, what interest had Bennett in the result of the suit? The injunction bond was similar to a delivery bond, and when the injunction was dissolved judgment was rendered against the appellant and his sureties. (Jones v. Hays, 27 Tex., p. 1; Roman v. Stratton, 2 Bibb., 199; Cole v. Robertson, 6 Tex., 356.)

The true test of the competency of a witness to whom objection is made on account of interest is, will he either gain or lose by the direct legal operation or effect of the judgment, or will the record be legal evidence either for or against him in some other action? (See Osborn's Administratrix v. Cummings, 4 Texas, 10.)

Could the record of the judgment against Turley and his sureties be used as evidence against Bennett? No. The act of the Eleventh Legislature, page 160, exempts from forced sale to every head of a family, one wagon, two horses, and other property not necessary to be enumerated here. It will be contended that that act is unconstitutional. In reply, we will answer the objection by quoting an extract from the opinion in case of Bronson v. Kinzie et al., 1 Howard, 315: If the laws of the State, passed afterwards, had done nothing more than change the remedy upon contracts of this description, they would be liable to no constitutional objection; for undoubtedly a State may regulate at pleasure the modes of proceedings in its courts in relation to past contracts as well as future. It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations. It may, if it thinks proper, direct that the necessary implements of agriculture, or the tools of the mechanic, or articles of necessary household furniture shall, like wearing apparel, not be liable to execution on judgments. Whatever belongs merely to the remedy may be altered according to the will of the State, provided that the alteration does not impair the obligation of the contract.

*James Masterson*, for the appellee.—Questions of judgment lien have no application to this case. Statement of facts shows a valid levy. The levy on personal property constitutes the lien. When the injunction was dissolved the sheriff was authorized to proceed with the sale.

Bennett's interest was direct and immediate, for if the injunction was dissolved the wagon which had been levied on would be sold in satisfaction of the execution enjoined.

As to the horses being exempt, the debt to satisfy which execution was levied was contracted in 1860, many years prior to the passage of the exemption law of 1866, relied on by appellant; hence, if intended to operate upon antecedent indebtedness, was unconstitutional, "as impairing the obligation of the contract." (See Jones v. McMahan, decided at Galveston term of Texas Supreme Court, 1868, and Sturgis v. Crowninshield, 4 Wharton, 122.)

[After the delivery of the opinion in this case, the counsel for the appellee asked a rehearing, and submitted the following further remarks relative to the effect of the injunction bond:]

It is submitted that this court gave a wrong interpretation of the law, as to the injunction bond relieving the property from the levy.

Article 3933, Paschal's Digest, page 664, defines requirement of injunction bond.

The injunction in this case was to enjoin a sale of property levied on. The sheriff was only enjoined from selling the levied on property, but he had no right to return to the plaintiff the property, but his duty was simply to not sell, and in the event of the injunction being dissolved, then he should proceed to sell. The amount of the bond is fixed by the judge, and is not intended to cover the debt, but only covers damages and costs.

The case at bar shows this absurdity: An insolvent claims property as being exempt from sale; valid judgment and execu-

tion, amounting to $200; injunction bond $100; enough property levied on to satisfy judgment. All, then, that defendant in execution has to do is, to procure injunction, give a nominal bond, sell the property, and then fold his arms and await the decision on his injunction bill. If the injunction be dissolved, he gains the difference between amount of his bond and value of the property. A good speculation for an insolvent.

It is respectfully submitted that this court will not adhere to its opinion as to the office of an injunction bond. It certainly never entered into the calculations of plaintiff in injunction, that by giving bond he was securing the debt, but it was surely his belief that if he did not sustain his bill, the property would be sold to satisfy the judgment and execution which was levied on it; and further, that if the court should be satisfied that the injunction was only obtained for delay, he, with his bondsmen, would be mulcted in damages, under Art. 3935, Paschal's Digest.

DENISON, J.—This, in the court below, was a case of injunction, granted to plaintiff, restraining the sheriff of Harris county from further proceedings, under a levy made by him, upon one wagon and two horses, claimed by plaintiff as being exempt from forced sale.

Upon the trial the case was submitted to the court, and a jury waived. The injunction was dissolved and judgment rendered against plaintiff and his securities.

Appellant assigns various errors in the record, only one of which it is deemed necessary to examine. This error is shown by a bill of exceptions, on page fourteen of the transcript of the record, and is in the following words, viz:

"*C. A. Turley v. A. B. Hall, et al.*

" Be it remembered, that on Friday, the twentieth day of November, 1868, the above entitled cause came on to be heard, when

T. W. Bennett, a witness for plaintiff, testified that he had purchased the wagon levied on since the injunction was granted. Thereupon the attorney for defendant excepted, on the grounds of interest, which was sustained by the court; whereupon plaintiff excepts to the ruling of the court, and prays that this be signed as his bill of exceptions.

" (Signed.)                              GEO. R. SCOTT,
                    "Judge Third Judicial District, Texas."

The witness purchasing the property, levied upon after injunction granted, had no interest in the result of the suit. The injunction relieved the property from the levy, and returned the same to the possession of Turley, substituting the security of the injunction bond in its place.

The judgment is reversed and cause remanded.

Reversed and remanded.