THOMAS M. ATTOWAY v. J. N. STILL ET AL.

(November 1, 1879.)

INJUNCTION.— Judgment on bond could only embrace ten per cent. damages for delay, and the value of the property levied upon.

EXEMPTION.— Must be alleged that claimant is the head of a family.

APPEAL from Rusk county. Opinion by WALKER, J.

STATEMENT.— This suit was instituted by the appellant, Thomas M. Attoway, against the appellees to enjoin the sale under levies made by virtue of two executions against himself in favor of the appellees, on divers articles of prop-

erty, viz.: One forty-four saw gin stand; two pulleys; one short belt; a grist mill, and one No. 3 Victor cane mill and evaporator. The ground upon which the injunction is sought rests solely upon the allegation in the bill that the property referred to was, at the time of levy, exempt from execution, claiming the several articles above described to be "implements of husbandry, used by him as such in carrying on his farm, and exempt from levy and seizure, under any legal process, when said levy was made and not subject to sale under the law for debts of any kind," etc.

The petition alleges actual damages in the sum of $300, and claims also vindictive damages in the sum of $500, and concludes with the prayer that the appellees be perpetually enjoined from selling said property, and for general and special relief in the premises.

The answer to the bill traversed the plaintiff's allegation that the property described were implements of husbandry used in carrying on a farm, and denied that they, from their nature and use, could be so regarded, and consequently that they are not embraced within the exemption claimed by plaintiff. The answer alleged further, that the gin stand, grist-mill, pulleys, etc., had not been used by the plaintiff for more than two years preceding; that at the time of levy they were disconnected from any gin-house, mill-house, or from any running gear whatever, but that they, at the time of levy, were together with the cane mill and elevator in an out-house, which, alike with the other articles of property, had not been in use for two years or more. Wherefore the answer claims that all of said property is subject to execution and sale under the laws of the state of Texas, and subject to such debts, etc. That this writ of injunction was sued out by plaintiff for no other purpose than to hinder and delay defendants in the lawful collection of their just debts, to their great damage.

The answer concludes by asking that the injunction be dissolved, and that the sheriff proceed to sell, etc., and that they recover ten per cent. damages on the amount enjoined,

for the unlawful delay caused by plaintiff in suing out this writ of injunction, costs of suit, and for general relief in the premises.

On the hearing of the cause the injunction was dissolved, and it was further adjudged that defendants recover of plaintiff, and J. B. Fears and W. P. Fears, his sureties in his injunction bond, the sum of $500, with all costs of suit and usual order for execution to issue.

The injunction bond was given in the sum of $1,000, and filed August 18, 1879. Writ of injunction issued same day. The executions were issued from the county court of Rusk county on the 22d day of July, 1879, on judgments against plaintiff Attoway, in favor of defendants, which had been rendered in said county court in June of the year last aforesaid.

Plaintiff moved for new trial, which was overruled, from which he and his sureties appeal because:

1. That the court erred in dissolving the plaintiff's injunction on the motion of defendants in the injunction.

2. The court erred in giving judgment against the plaintiffs in injunction and his sureties on the injunction bond for the full amount of the bond; the only judgment to which defendants were entitled, if any, was that the injunction restraining the sale of the property be dissolved, and ordering the officer to proceed with the sale of the property levied upon, and to have awarded judgment for the cost accruing from the issuance of the injunction, together with such damages as the defendants in injunction may have shown they had actually sustained.

3. The court erred in giving judgment against plaintiffs in error for $500, the full amount of the injunction bond, contrary to law and evidence in the cause; this not being an injunction of the collection of a debt, but an injunction restraining the sale of the property alleged to have been taken in execution.

4. In refusing to grant to the plaintiff a new trial.

Opinion.— The errors complained of in the second and third assignments of error must be deemed sufficient to reverse the judgment. Whether tested by the relief asked for by the appellees in their answer; by the amount of the bond, viz., $1,000, and any supposed power of the court to render judgment upon a dissolution of the injunction against the principal and sureties for the amount specified in said bond, or whether measured by any evidence in the case tending to establish the value of the property levied on, or by any evidence tending to establish a breach of the conditions of said bond by showing damages sustained by the appellees by reason of the improper suing out of the writ of injunction, the invalidity of the judgment for the want of such support and basis for its rendition requires its reversal.

The case made by the plaintiff in this injunction suit sought not to restrain the enforcement of the judgment as against any other property than that which he maintained was exempt from enforced sale under execution, and he prays only that the appellees be enjoined from selling the same; the defendants' answer, as has been seen, asks only in effect that said property shall be sold, and for ten per cent. damages on the amount enjoined, and for general relief. From a careful consideration of the cases decided by our supreme court, without deeming it essential in this case to enter upon a discussion or a review of them, we are satisfied that, under the issue as presented by the record, upon a dissolution of the injunction, the judgment to be rendered against the sureties on the plaintiff's injunction bond, at the most, could only embrace ten per cent. damages for the delay and the value of the property thus levied upon. And, indeed, whether or not the sureties upon the bond would be even thus far liable, we do not mean to express an opinion, nor is it necessary that we should do so. Ferguson v. Herring, 49 Tex., 126.

We are not satisfied to follow without question the authority (with the implications arising) of the case of Tur-

ley v. Brewster, 33 Tex., 188, deciding that the injunction relieved the property from levy and restored it to the defendant in execution, substituting in its place the security of the injunction bond.

There was no evidence tending to show the value of the property levied upon, nor relating to any damage sustained by the defendants arising from the suing out of the writ of injunction, notwithstanding which, on the dissolution of the injunction, the court adjudged against the plaintiff and his sureties $500. The statute provides that, "upon the dissolution of the injunction in whole or in part, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages shall be assessed by the court at ten per cent. on the amount released by the dissolution of the injunction, . . . and in all other cases the damages shall be assessed by a jury sworn for that purpose; if neither party require a jury the damages may be assessed by the court." If the court included in the judgment the ten per cent. damages on the amount released (which expression, however, seems more accurately referable to the amount of the judgment enjoined than to the value of property released to execution and sale), whether applied to the one or the other, the judgment in the one instance would be largely too great, and in the other would be wanting the support of any testimony showing the value of the property thus released on which to base the percentage; thus, if applied to the amounts of the judgments which aggregated in June, 1879, $1,046.65, it is evident that ten per cent. thereon would, at the date of the trial, have but little exceeded one-fifth of the amount of the judgment rendered; and, if the basis of judgment referred to the value of the property released by the dissolution of the injunction, then there is furnished in the evidence no testimony relating to the value of the said property.

From what has been already stated respecting the evidence before the court, there was no testimony whereupon

to base any further or other assessment of damages, as is contemplated by the last paragraph of the foregoing citation from the statute, even though the pleadings of the parties had warranted the assessment of such further damages.

The counsel for the appellants having, in his brief, waived the consideration of the first of his assignment of errors, it will not be noticed. The fourth and last error assigned is the overruling, by the court, of his motion for a new trial. The first ground of said motion is that the judgment is contrary to the law and the evidence. The sixty-seventh rule of the supreme court for the government of the district courts directs that objections couched in such general terms as those above quoted shall not be considered by the court, and therefore they will not be noticed here on review. The remaining ground is because the judgment is not responsive to and in conformity with the issues made by the pleadings of plaintiff and defendant. In considering which, in view of the conclusion already reached as to the reversal of the judgment in this case, we need only to refer to it in connection with the subsequent proceedings to be had on another trial in the court below. Whatever may be the true rule to be applied in a case where the injunction operates upon the collection or enforcement of a judgment for money, in respect to the pleadings which would admit of a judgment as of course upon the injunction bond, we are of opinion that in injunction cases of this character which do not seek to restrain the enforcement of the judgment generally, nor complain of its validity, but only to ascertain and determine the liability of particular property to levy and sale, that if the defendant in the injunction suit claims damages other than those given for delay, in order to warrant a judgment therefor such damage should be alleged and proved with the appropriate prayer for the relief demanded. The modifications in the law relating to injunctions by the Revised Statutes of the state, probably now more certainly and clearly require the course we have sug-

gested than might have seemed apparent under the statutes in force when this case was tried.

We think it proper in this connection to direct attention to the fact that the petition for injunction, whilst in general terms; and rather as a conclusion of law, alleges that the property levied upon is exempt from execution as implements of husbandry, etc., it does not allege that the plaintiff was either the head of a family, or a member of a family entitled to the benefits of the exemption given only to persons thus protected. The evidence in the case, too, fails to disclose any fact tending to confer on the plaintiff the benefit of the exemption. The exemption of implements of husbandry is restricted to "every family in this State," and the reservation to every citizen "not a head of a family" embraces certain enumerated property other than "implements of husbandry." See Acts 12th Leg. (called session), p. 127.

Under the evidence, therefore, the judgment of the court below was correct in dissolving the injunction on the hearing. Whether the articles of property described in plaintiff's petition were or not implements of husbandry should have been developed by proper descriptive proof relating to their respective natures, uses, qualities, etc. The term implements is generic, and the species embraced within it are not the subject of judicial knowledge.

Whether non-user by the owner of implements of husbandry, or the ceasing to carry on the business of farming, would have the effect of discharging the exemption, we do not consider need be determined by us under the assignments of error before us. It will suffice to remark that such evidence would be competent and admissible as tending to show whether such property continued dedicated to either a present or prospective use for the purposes of husbandry; the exemption would not be lost by a mere temporary suspension of the occupation of farming.

We conclude for the reasons given, and award accordingly, that the judgment be reversed and the cause remanded.