## THE CITY OF CHICAGO
### *v.*
### TIMOTHY WRIGHT *et al.*

1. JUDGMENT UPON SPECIAL ASSESSMENTS — *the proceedings must be regular.* It is a well settled rule, that summary proceedings, such as an application for judgment against land or lots of ground upon a special assessment roll, by which a

City of Chicago *v.* Wright et al.

man's property may be taken from him without his consent, and where there is no personal service of process, must be strictly pursued, and this must be shown on the face of the proceedings.

2. SAME — *requisites of assessment roll.* Where application was made for a judgment against land and lots upon unpaid assessments for the grading, paving and macadamizing of certain streets in the city of Chicago, objection was made to the assessment roll because it did not show damages as well as benefits to the property owners, resulting from the proposed improvements, and the objection was held to be fatal to the application.

3. SAME — *of benefits and damages — construction of statute.* The application in this case was made since the act of 1861, relating to that subject, and it was *held*, that while before that act the question of benefits and damages to property holders was limited to a certain description of improvements, different from those contemplated in this case, yet by the 28th section of the amendatory act of 1861, the question of damages, as well as of benefits, was to be regarded whenever *any* public improvements should be originated and carried on to completion by means of assessments. This section embraces as well the taking of private property for public grounds, streets and alleys, as their improvement after they have been established.

4. ASSESSMENT ROLL — *when objection may be made.* The objection to the assessment roll, going to the origin of the proceedings, the property owners were not precluded from availing of it before the court upon the application for a judgment, notwithstanding they failed to appear and make it before the common council.

5. SAME — *objection availing on appeal or error.* All defects appearing on the face of the proceedings, which go to show the requirements of the law have not been observed, and, therefore, that the court had no legal right to render the judgment, can be urged on appeal or error. As in an ordinary suit at law, where a default is taken, the Supreme Court cannot, on appeal or error, inquire into the facts of the case, but they can pronounce upon the legality of the proceedings, and on the right of the court below to render any judgment in the case.

WRIT OF ERROR to the Superior Court of Chicago.

On the 28th day of July, 1863, in pursuance of the recommendation of the board of public works, the common council of the city of Chicago passed an ordinance ordering that Wells street, from Madison street to the north line of Adams street, should be curbed, filled and paved with Nicholson pavement, and that said Wells street, from the north line of Adams street to the roadway of Van Buren street, should be graveled and macadamized. The work was directed to be done under the superintendence of the board of public works, in accordance with the plan annexed to the ordinance, and at an expense named in their estimate for the same.

The commissioners of the board proceeded to make their assessment upon property, with reference to said contemplated improvements; and having taken certain preliminary steps not necessary to be noticed here, the board, upon due notice given, made a formal application, on the 22d day of September, 1862, to the common council for a confirmation of the assessment. Such proceedings were had that the common council confirmed the assessment roll, which was afterwards approved by the mayor, no objections thereto having ever been filed in his office. A warrant for the collection of the assessment was issued in the usual form, on the 4th of October, 1862, and delivered to the city collector. The defendants in error, among others, owners of property upon which the assessment had been made, having failed to pay the amounts assessed upon their lots, respectively, the city collector, on the 2d day of February, 1863, presented his report and petition to the Superior Court, and asked for judgment against the lots mentioned of the delinquent owners.

The assessment roll upon which this application was made, or so much of it as is necessary for the purposes of this case, was as follows.

SCHOOL SECTION ADDITION TO CHICAGO.

| Name of Owner. | Part of Lot or L'd. | Sub Lot | Lot. | Block. | Valuation. Dolls. | Assess. of Benf's. Dolls. | Cts. |
|---|---|---|---|---|---|---|---|
| Timothy Wright, | | | 5 | 93 | 9,000 | 1,521 | 23 |
| W. F. Turner, | | | 5 | 94 | 12,500 | 1,534 | 66 |
| J. P. Clarkson, Agent, | | 9 | 1 & 2 | 95 | 1,500 | 184 | 44 |
| do | | 10 | 1 & 2 | 95 | 1,300 | 152 | 76 |
| Jew Church, | S 40 ft. | | 8 | 96 | 3,500 | 354 | 72 |
| E. McConnell, | | | 6 | 97 | 5,600 | 117 | 46 |
| do | | | 7 | 97 | 3,200 | 117 | 46 |
| City of Chicago, | Intersection of streets and alleys from Madison to Adams streets. | | | | | 1,792 | 75 |
| do | Intersection of streets and alleys from Adams to Van Buren streets. | | | | | 1,238 | 62 |

The defendants in error interposed twelve objections in the court below to the granting of the application for judgments against their respective lots.

It is only necessary to state the fourth, as upon that the case

is decided; that objection was, that the assessment roll was defective in not showing damages as well as benefits, as required by section 28 of the amendments to the charter of Feb. 18th, 1861.

The Superior Court sustained the objections, and judgment against the said parcels of land was refused. The city thereupon sued out this writ of error, it being stipulated that all the defendants might be joined therein, and that no advantage should be taken of such joinder.

The assignment of errors questions the correctness of the ruling of the court below in sustaining the objections to the assessment roll, and in refusing to enter a judgment against the property mentioned.

Mr. B. F. AYRE, for the plaintiff in error.

Messrs. BARKER & TULEY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record shows an application to the Superior Court of Chicago, for judgment against certain lots specially assessed to defray the expenses for curbing and filling and paving with "Nicholson pavement" Wells street, from Madison street to the north line of Adams street, and for macadamizing Wells street from the north line of Adams street to the roadway of Van Buren street.

The report of the city collector and his petition for judgment were filed in the clerk's office of the Superior Court, on the 2d day of February, 1863, at a term of that court then holding, when the objections made by the defendants in error to the entry of a judgment against them, or their lots, were sustained and the cause brought here by the city of Chicago, by writ of error.

The errors assigned question the decision of the court in sustaining the objections, and in refusing to render judgment against the lots specified in the objections.

Twelve objections were made by the defendants here, but

there is nothing in the record showing which of them were sustained.

We deem it necessary to examine but one of them, which is the fourth in the order they were presented.

That objection is as follows : Because the assessment roll is defective in not showing damages as well as benefits to property owners, as required by the 28th section of the act amendatory of the city charter, of February 18, 1861, and because no balance is struck and carried forward on said assessment roll, as required by said section, and no sufficient assessment roll was ever filed with the city clerk as required by section 26 of said act.

Section 28, of the act of February 18, 1861, is as follows : If the damage to any person, by reason of any public improvement, be greater than the benefit received, or if the benefit be greater than the damage, in either case the commissioners shall strike a balance and carry the difference forward to another column, so that the assessment roll may show what amount is to be received or paid by such owners respectively, and the difference only, in any case, shall be collectable of them, or paid to them. Private Laws of 1861, page 127.

It is claimed by the city that this section has no application to the improvements contemplated by this assessment, but to another class denominated in chapter six of the charter of 1851, as assessments for opening streets and alleys, and this idea seems to be based on the fact that section eight of that chapter is almost identical with this we are now considering, the only difference being, in the 28th section the words " by reason of any public improvements," are inserted.

The act of 1851 had for its object the reducing of the original act incorporating the city and the several acts amendatory thereto into one act, and to amend them, and the act of 1861 was designed to reduce them all, including the act of 1851, and acts passed subsequent, into one act.

In doing this it was deemed proper, for the purpose of procuring uniformity in the assessment rolls, or for some other purpose, to extend section eight of the act of 1851 to all public

improvements, and not confine it to assessments for opening streets and alleys only. Hence the language of the 28th section. While, before the act of 1861, benefits and damages were limited to a certain description of improvements, by the act of 1861 they were to be regarded whenever any public improvement should be originated and carried on to completion by means of assessments.

The language of the section is plain and unambiguous — it embraces all public improvements; if it does not, there would seem to have been no necessity for amending section eight of the old act. We are clearly of opinion that this section embraces as well the taking of private property for public grounds, streets and alleys, as their improvement after they have been established.

This assessment roll is headed thus : " School section addition to Chicago." It has columns with these heads only : Name of owner, Part of lot or land, Sub-lot, Lot, Block, Valuation, Assessment of benefits; with no column for damages, and none in which to enter the differences after a balance is struck between benefits and damages; so that this assessment roll does *not* show what amount is to be received, or paid, by such owners respectively.

This assessment roll is the foundation of the proceedings, and, being defective, the Superior Court properly refused a judgment against these owners, and its judgment must be affirmed. It is a well settled rule, that summary proceedings of this kind, by which a man's property may be taken from him without his consent, and where there is no personal service of process, must be strictly pursued, and this must be shown on the face of the proceedings. *Chicago* v. *Rock Island R. R. Co.*, 20 Ill. 286.

They should show, at least, a correct starting point, a valid basis for the proceeding. The defendants have an interest, that the assessment roll shall show whether they are to be debtors or creditors, by means of the proposed improvements. This roll does not show that the question of damages was even con-sidered by the commissioners. We cannot say an owner of a

lot may not be damaged more than he is benefited, even by a "Nicholson pavement," and may be a recipient for damages rather than a debtor for benefits; but both are to be considered, entered in proper columns, and a balance struck, to be carried forward. to another column. This becomes the evidence of the lot owner's rights, and it is required by the statute.

As the objection goes to the origin of the proceedings, the defendants are not precluded from availing of it before the court, notwithstanding they failed to appear and make it before the common council. All defects appearing on the face of the proceedings, which go to show the requirements of the law have not been observed, and, therefore, that the court had no legal right to render the judgment, can be urged on appeal or error. As in an ordinary suit at law, a default is taken, the Supreme Court cannot, on appeal or error, inquire into the facts of the case, but they can pronounce upon the legality of the proceedings, and on the right of the court below to render any judgment in the case.

The judgment is affirmed.

*Judgment affirmed.*