THE ROSS OIL AND GAS COMPANY v. F. M. EASTHAM *et al., as Partners, etc.*

No. 14,563.    (85 Pac. 531.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Authority of Secretary to Make Contracts.* A secretary of a corporation cannot ordinarily, without special authority, make contracts which will bind the company.

2. JUDGMENTS — *Presumption on Review.*   Where a district court, in a trial without a jury, enters a general judgment, and the record in the case presents two theories upon which the court might have based its conclusions, one proper and the other erroneous, but does not show which theory was followed, this court will presume that the judgment was entered upon the theory which makes it valid.

Error from Allen district court; OSCAR FOUST, judge.   Opinion filed April 7, 1906.   Affirmed.

*Ewing, Gard & Gard,* for plaintiff in error.
*Campbell & Goshorn,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.:   This action was brought to recover for extra work done on a gas-well.   The plaintiff in error, a corporation, had a contract with the defendants in error by which the latter were to put down six wells at Humboldt, Kan.   Five of the wells were completed. When the sixth well was at the depth where oil-sand was expected a stratum thereof was found, but the

Ross v. Eastham.

quantity and quality were not satisfactory.   Under the direction of the secretary of the plaintiff in error the extra work was done which is involved in this case. It does not appear that the secretary was specially authorized to act for the company in this matter, and for this reason the company denies liability.

At a trial without a jury, in the district court of Allen county, the defendants in error recovered judgment against the company, and it brings the case here for review.   No special findings of fact were filed by the court, and the record does not show upon what theory the judgment was based.

It is insisted that the secretary of a corporation cannot bind the company by contracts made for it, unless specially authorized so to do.   In this contention we fully agree with the plaintiff in error.   It is alleged in the petition, however, that the secretary was also manager and agent of the corporation, so far as this well was concerned, and there is evidence in the case tending to sustain this averment.   If the evidence in the case satisfied the court that the secretary acted for the company in this matter, with its knowledge and consent and under circumstances which justified the defendants in error in recognizing him as the authorized representative of the company, or that he was expressly authorized to manage and superintend the well in question, the judgment was proper.   The general presumption, which always obtains in support of the judgments of courts having general jurisdiction, requires us to assume that the court so found, and placed its judgment upon such finding.

There is evidence to support such a finding, and as the case comes to us we are unable to say that the evidence is insufficient.   The judgment of the district court is affirmed.

All the Justices concurring.