THE CITY OF CHICAGO, Appellee, *vs.* PHILIP STEIN,
Appellant.

*Opinion filed December 21, 1911.*

1. SPECIAL ASSESSMENTS—*no presumption can be indulged in
aid of jurisdiction of court.* In special assessment proceedings,
where the property of a citizen may be taken upon notice by pub-
lication and without personal notice to the property owner, no
presumption can be indulged in support of the jurisdiction of the
court where the proceedings are had but the proceedings must be
in strict conformity to the statute; and this must be made to ap-
pear upon the face of the record of the proceedings.

2. SAME—*court is without jurisdiction if certificate of publica-
tion is invalid.* If the certificate of publication in a special assess-
ment proceeding is not made by the publisher or his authorized
agent the certificate is invalid, and the court is without jurisdic-
tion to confirm the assessment over a specific objection to such ju-
risdiction, made under a special appearance.

3. SAME—*secretary of a newspaper corporation has no implied
authority to make a certificate of publication.* The secretary of a
newspaper corporation has no implied authority, by virtue of his
office, alone, to make a certificate of publication for such company.

FARMER, J., dissenting.

APPEAL from the Superior Court of Cook county; the
Hon. THEODORE BRENTANO, Judge, presiding.

STEIN, MAYER & STEIN, for appellant.

PHILIP J. McKENNA, and EDGAR R. HART, (WILLIAM
H. SEXTON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The city of Chicago sought to have confirmed a special
assessment to curb, grade and pave South Oakley avenue,
in the city of Chicago, from West Eighteenth street to Blue
Island avenue. The property of the appellant was assessed,
and an agreed case was made up under section 103 of the

Practice act and submitted to the superior court. The assessment was confirmed and this appeal has followed.

The appellant entered a special appearance and but one question is raised upon this record, viz., whether the certificate of publication filed by the publisher is sufficient to give the court jurisdiction to confirm the assessment.

The certificate is in the following form:

"STATE OF ILLINOIS, }
    County of Cook. } *ss.*

"This affiant, David E. Town, being first duly sworn, says that the Chicago Evening Post Company, a corporation, is the publisher of the *Chicago Evening Post,* and that he is the secretary of said corporation and makes this affidavit in its behalf; that a notice, of which the annexed notice is a true copy, has been published five successive days in the *Chicago Evening Post,* a daily newspaper printed and published in the city of Chicago, in said county, and that the date of the first paper containing the said published notice was the 15th day of December, 1910, and the date of the last paper the 20th day of December, 1910.          DAVID E. TOWN,
                              *Secretary Chicago Evening Post Co.*

"Subscribed and sworn to before me this 21st day of. December, A. D. 1910.          TIMOTHY SULLIVAN, *Notary Public."*

The main reason urged as ground of reversal in this court is, that David E. Town, the secretary of the Chicago Evening Post Company, was not authorized to make the certificate, and that therefore there was no proof of publication.

The Local Improvement act contains no provision for proving the publication of the notice required by section 44 of that act, (Hurd's Stat. 1909, chap. 24, par. 550,) hence the proof must be made, according to section 1 of chapter 100 of Hurd's Statutes, by "the certificate of the publisher * * * or his authorized agent." There was no proof that Town, as secretary, had been authorized by the board of directors of the Chicago Evening Post Company to make said certificate or such certificates in general, or that the Chicago Evening Post Company had knowingly theretofore permitted Town, as secretary, to make such cer-

tificates at all, or to such an extent that his authority to make such certificates could be inferred. The question is therefore narrowed to whether Town, by reason of the fact, alone, that he was secretary of the corporation, can properly be held, as a matter of law, to have authority to make such certificate.

In statutory proceedings like those provided in the Local Improvement act, where the property of the citizen may be taken upon notice by publication and without personal notice to the property owner, no presumption can be indulged in support of the jurisdiction of the court in which the proceedings are carried on, but the proceedings must be in strict conformity to the statute; and this must be made to appear upon the face of the record of the proceedings. (*City of Chicago* v. *Wright,* 32 Ill. 192; *McChesney* v. *People,* 148 id. 221; *Payson* v. *People,* 175 id. 267; *Sumner* v. *Village of Milford,* 214 id. 388.) In the *Sumner case* it was said (p. 393) : "Jurisdiction of a particular case must be acquired in the manner prescribed by the law. Where the mode of acquiring jurisdiction is prescribed by the statute, compliance therewith is essential or the proceedings will be a nullity." If, therefore, the certificate of publication was not made by the publisher or its authorized agent the certificate was not a valid certificate and the court was without jurisdiction to confirm the assessment.

David E. Town was an officer of the corporation, but was he its authorized agent for the purpose of making such certificate? We think not. In Cook on Corporations (vol. 3,—6th ed.—sec. 717,) it is said : "The secretary is one of the corporate officers, but he has practically no authority." And in a foot-note the same author says : "A secretary is a mere servant. His position is that he is to do what he is told, and no person can assume that he has any authority to represent anything at all." In *Cobb* v. *Glenn,* 57 W. Va. 49, where it was held that the secretary of a corporation has no inherent power to sell real estate, the

court quotes the following from Thompson on Corporations, sec. 4697: "The law does not ordinarily imply in the secretary of a business corporation the power, *ex officio,* to bind the company by means of letters or documents signed officially,"—and this statement seems to be well supported by authority. In *Taylor* v. *Sutherlin-Meade Tobacco Co.* 60 S. E. Rep. (Va.) 132, which was an attachment sued out by the tobacco company, a motion was made to quash the writ because the affidavit upon which it issued did not show that it was made by "the plaintiff, his agent or attorney," as was required by the statute, it having been made by its secretary and treasurer. The trial court overruled the motion, but upon appeal the affidavit was held insufficient and the attachment was quashed, and the court, after referring to an earlier case, said (p. 134): "So in this case, unless the court is prepared to announce, as a matter of law, that the words 'secretary and treasurer' necessarily denote the existence of the relation of agency between affiant and the attaching corporation, then the attachment must fall. The general doctrine is well settled that the powers of a private corporation, so far as its dealings with third persons are concerned, are primarily lodged in its board of directors, from which source the officers, either expressly or by implication, derive such measure of authority as may be bestowed upon them. * * * The secretary of a corporation has no power, merely as secretary of the company, to make contracts for it. The secretary is one of the corporate officers, but he has practically no authority. The corporation may, of course, expressly authorize the secretary to contract for it, or may accept and ratify his contracts after they are made. (3 Cook on Corp.—6th ed.—sec. 717.) A secretary is a mere servant. His position is that he is to do what he is told, and no person can assume that he has any authority to represent anything at all. * * * These principles are sustained by numerous decisions of courts of the highest respectability

and are laid down by standard writers on private corporations as well settled law." (See, also, *North Pennsylvania Iron Co.* v. *Boyce,* 71 N. J. L. 434, and *Bradford Belting Co.* v. *Gibson,* 68 Ohio St. 442.) "An instrument purporting to be an assignment of an account by a corporation, executed in its name by its secretary, cannot be taken as the valid act of the corporation without proof that the secretary had power to make it." (*Wolfe & Gaines* v. *Davenport, etc. Railroad Co.* 93 Iowa, 218; *Read* v. *Buffum,* 79 Cal. 77; *Blood* v. *Marcuse,* 38 Cal. 590.) The following cases hold that a secretary of a private corporation, as such, has no power to enter into contracts for his company: *Bank* v. *Hogan,* 47 Mo. 472; *Ross & Co.* v. *Eastham,* 73 Kan. 464; *Reid* v. *Packing Co.* 47 Ore. 215; *Bank* v. *Hotel Co.* 103 S. W. Rep. (Tex.) 1120. In *American Central Railway Co.* v. *Miles,* 52 Ill. 174, it was sought to hold a corporation upon a new promise alleged to have been made by its secretary, and on page 179 this court said: "To prove a new promise it would be necessary to show some action on the part of the directors from which the promise or their liability can be clearly inferred. The mere certificate of their secretary that the amount was due on specified items would be insufficient to prove a new promise or to bind the company, unless it were shown that he had been empowered to adjust such claims generally or this one particularly."

In view of what has been said by the text writers and in the adjudicated cases upon the subject, we are of the opinion that David E. Town, as secretary, did not possess the implied power, as a matter of law, to make such certificate, and that for want of proof of the publication of the notice required by the statute the court was without jurisdiction to confirm said special assessment. Had the record shown that Town, as secretary, had been authorized by the board of directors to make such certificates generally or this one in particular, or that by reason of a long course of business he had authority to bind the corporation in the

foregoing particulars, we are of the opinion his certificate as secretary would be good, but as the record is barren of such proof we are forced to hold that he had no implied authority, from the fact, alone, that he was secretary of the corporation, to make such certificate.

The judgment of the superior court will be reversed and the case remanded.                *Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.