No. 21,721.

THE ADVANCE RUMELY THRESHER COMPANY, *Appellee*, V. THE EVANS METCALF IMPLEMENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES — *Guaranty — Consideration.* The consideration for a guaranty examined, and held sufficient.

2. SAME—*Corporation Bound by Acts of Its Secretary and Manager.* While a secretary of a corporation ordinarily has not authority by virtue of his office to bind his corporation, the corporation may be bound by his acts when it intrusts him with the management of its business, and where his acts are in furtherance of the corporate business.

3. CORPORATION—*May Act as Implement Salesagent.* It is within the powers of a corporation chartered to conduct a wholesale and retail implement merchandise business to undertake the duties of an implement salesagent and the incidental obligations pertaining thereto.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed October 12, 1918. Affirmed.

*John J. Riling,* and *Edward T. Riling,* both of Lawrence, for the appellant.

*Thomas Harley,* of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In 1914, the defendant became the agent of the plaintiff's business predecessor for the sale of farm implements. Shortly before this agency was undertaken, one Roberts, a representative of plaintiff's business predecessor, negotated a sale of a threshing outfit to one J. T. Hodge, taking therefor six notes aggregating $1,500. Roberts effected the agency deal with the defendant. A part of the bargain was that the defendant should receive the commission on the sale just made to Hodge, and that the defendant should guarantee the payment of Hodge's notes. In accordance therewith, the defendant obligated itself as follows:

"LAWRENCE, KANSAS, April 28, 1914.

"In consideration of $239.00 commissions on the J. T. Hodge sale and a commission contract for The Rumely Line, we the undersigned guarantee the payment of two notes signed J. T. Hodge, one for $300.00

Thresher Co. v. Implement Co.

due August 1st, 1915, one for $250.00 due September 1st, 1914, within thirty days after maturity of said notes.     "Evans Metcalf Imp. Co.
                                                        "W. P. Evans, *Secy*."

Hodge defaulted; the threshing outfit was sold under a chattel mortgage, and the proceeds applied on the payment of his notes—upon some of them which were not yet due, which was a privilege accorded by the mortgage contract.

The notes and contracts were assigned to plaintiff, and suit was begun against defendant as guarantor of the notes not paid by Hodge, and a separate cause of action was included which covered an account of goods sold to defendant.

The plaintiff prevailed. Defendant assigns certain errors.

It is first contended that the defendant received no consideration for its guaranty. It was awarded the agency contract, and it was given the commission on the sale to Hodge when the latter should pay his notes. That was a sufficient consideration.

The next contention is that W. R. Evans, the secretary, had no authority to guarantee the Hodge notes. He did not have authority by virtue of his secretaryship; but it was clearly shown, and indeed not denied nor attempted to be disproved, that Evans was the managing officer of the company, that the directors scarcely ever met, and that they intrusted the business entirely to him and one other person. The defendant's business contracts were all executed and signed exactly as this contract of guaranty was signed. The obligation was one within the usual course of the defendant's business, and the signature was the usual one used by the corporation in all its business obligations. Both by estoppel and by acquiescence of the defendant and its directorate, the defendant is bound by the guaranty. (*Ross v. Eastham*, 73 Kan. 464, 85 Pac. 531.)

The next contention is that the defendant had not corporate power to make the contract of guaranty—that it was *ultra vires*. The charter of the defendant corporation authorized it to engage in the wholesale and retail implement, vehicle, and merchandise business. Threshing machines are implements. They are generally sold under agency contracts. Defendant sold at least one other machine under this agency contract and claims a commission therefor in this same lawsuit. Both the

fair interpretation of its charter powers and the operative interpretation placed thereon by defendant itself justify the court's ruling that the contract of guaranty was not *ultra vires.*

A final contention is that the proceeds of the chattel-mortgage sale of the Hodge threshing outfit should have been applied on the notes sued on, or at least prorated on all the notes. The mortgage contract permitted the application of the proceeds to the notes not due.

No semblance of error being disclosed in the judgment, the decision of the trial court is affirmed.