## ALLRED et al. v. J. C. ENGELMAN, Inc.
### No. 8658.

Court of Civil Appeals of Texas. San Antonio.
May 27, 1931.

Rehearing Denied July 15, 1931.

Bryce Ferguson, of Edinburg, and James V. Allred and T. S. Christopher, both of Austin, for appellants.

Kennedy Smith, of Edinburg, for appellee.

FLY, C. J.

This is an appeal from an interlocutory order granting a temporary injunction against James V. Allred, Attorney General, L. G. Phares, chief of the Texas highway patrol, Bryce Ferguson, county attorney of Hidalgo county, and their agents and employees, restraining them from in any manner interfering with or molesting appellee, or its employees, in the operation of hauling water for irrigation purposes to the land of appellee.

Under the allegations of the petition for the writ of injunction, appellee has a tract of land in Hidalgo county which has been set out in citrus fruit trees, which require water for irrigation purposes; that water was being conveyed in metal tanks placed upon trucks drawn by gasoline motors to the land. It may be assumed from the allegations that the trucks were used solely to convey water from the source of supply to the farm, to be placed thereon to sustain the life of the young trees. Appellants seek to obtain the license fee from each of the trucks.

In the exception to article 6675a—2, it is provided "that owners of farm tractors, farm trailers, farm-semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm-tractors, farm-trailers, farm-semi-trailers, or implements of husbandry; provided, however, that such farm-trailers and farm-semi-trailers are operated in conformity to all provisions of the law save and except the requirements as to registration and license."

In article 6675a—1, it is provided: "(q) By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return. (Acts 1929, 41st Leg., 2nd C. S., p. 172, ch. 88, § 1, as amended Acts 1930, 41st Leg., 5th C. S., p. 151, ch. 23, § 1.)"

While it may be contended that the operation of the water trucks is not strictly within the letter of the law, yet we think it is clearly within the spirit and intent of the law. It is absolutely indispensable to the existence of the citrus fruit trees. There is nothing of a commercial nature attached to the use of the trucks, but they are being used as implements of husbandry for the protection of crops on the farm. Even if there were doubts as to whether the trucks should be exempted under the terms of the statute, the doubts should be resolved in favor of the preservation of the crops of the farm. The operation of the enterprise of opening up hundreds of acres of citrus fruit land to cultivation and adding to the material wealth of the state should not be hampered, if not destroyed, by a too strict construction of the statute.

We do not deem it necessary to enter further into the case until it is fully developed on its merits.

The judgment is affirmed.