CECIL REAVES v. THE STATE.

No. 14924.   Delivered December 23, 1931.
Rehearing Denied June 1, 1932.
Reported in 50 S. W. (2d) 286.

The opinion states the case.

*Mathis & Caldwell,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for operating upon a public highway a motor vehicle of forbidden length; punishment, a fine of $25.

Appellant was convicted in the county court of Wichita county at law of operating, upon a public highway of this state, a motor vehicle with trailer attached, of greater length than forty-five feet, in violation of the terms of chapter 282, Acts Regular Session, 42nd Legislature (1931), Vernon's Ann. P. C., art. 827a, sec. 1, et seq.   Said truck and trailer were loaded with baled hay, cotton and feed stuffs.

Subdivision (c) of amended section 3 of said chapter (Vernon's Ann. P. C., art. 827a, sec. 3(c) is as follows: "No motor vehicle, commercial motor vehicle, truck, tractor, trailer, or semi-trailer shall exceed a length

of thirty-five (35) feet, and no combination of such vehicles coupled together shall exceed a total length of forty-five (45) feet, unless such vehicle or combination of vehicles is operated exclusively within the limits of an incorporated city or town."

Appellant defended on the proposition that he was exempt from prosecution under the terms of subdivision (a) of said section 3, Vernon's Ann. P. C., art. 827a, sec. 3(a), the applicable part of which is as follows: "Except further, that the limitations as to size of vehicle stated in this section shall not apply to implements of husbandry, including machinery used solely for the purpose of drilling water wells, and highway building and maintenance machinery temporarily propelled or moved upon the public highways."

A jury was waived and the trial had before the judge of the lower court, who held appellant guilty apparently upon the theory that a truck with trailer attached, the combined length of which was fifty feet, and which was engaged in hauling a load upon a public highway,—was not an implement of husbandry.

A number of considerations arise. Trucks, or trucks with trailer attached, of more than forty-five feet length,—are forbidden the use of the highways of this state by statutes presumably enacted for the preservation of the roads and their rightful users. Recognizing that of necessity some forms of transportable machinery must move from one place to another, and that over said highways,—exceptions were inserted in the statute. These being in derogation are given strict construction.

The permission of the exceptions here appearing, extends no further than to the implement or machine itself when in form or size violative of the statute. A threshing machine (Advance Rumley Thresher Co. v. Evans Metcalf Implement Co., 103 Kan., 532, 175 Pac., 392) may, under these exceptions, be moved along a highway, same being an implement of husbandry,—but it would not follow that it might engage in the business of threshing while on such road.

It would clearly be an unwarranted inference to hold that inasmuch as there is no way of moving from one place to another farming implements, water drilling and road building machines, save along highways, ergo, permission to move such implements, etc., along such highways carries with it the right to use said highways as places on or along which such machines might engage in the use intended for same when conveyed to some destination. An implement of husbandry is something necessary to the carrying on of the business of farming, etc., without which the work cannot be done. 31 Corpus Juris, p. 256. Without discussing or deciding the practicability for use on a farm, as such implement, of a motor vehicle more than forty-five feet in length,—merely for the sake of the opinion it may be admitted that, if a farmer should desire to transport such vehicle along the highways from place of purchase to place of

intended use, or from one place of use to another, this would be the "temporary propelling or moving" contemplated by subdivision (a) quoted above, and would hence be permissible. Vastly different, however, the legal status of a loaded truck, or truck and trailer, of forbidden size or length when itself engaged in the transportation of a load,—whether capacity or not,—along such highway. Instead of bringing itself within the exception made necessary for the harmonious conduct of business in all lines, such machine would be but using and abusing the exception in the statute for the accomplishment of the very things forbidden, i. e. the injury to such highway and its rightful users by the operation of a vehicle of forbidden size and length while engaged in traffic on such road.

Appellant cites Allred v. J. C. Engleman, Inc. (Texas Civ. App.) 40 S. W. (2d) 945; Wilbert's Sons Lumber & Shingle Co. v. Ricard, 167 La., 416, 119 So., 411; Dowd v. Heuson, 122 Kan., 278, 252 P., 260, 52 A. L. R., 823; Federal Agency Invest Co. v. Baker, 122 Kan., 460, 252 P., 262; and Printz v. Shepard, 276 P., 260. (The last citation is to the wrong page and should be page 811, 128 Kan., 210).

The Allred case, supra, arose under an entirely different statute from that here involved, viz: under chapter 23, Acts Fifth Called Session, 41st Legislature (1930), Vernon's Ann. Civ. St., art. 6675a-1 et seq., which relates to the registration and licensing of all commercial motor vehicles regardless of size, character, etc., exempting, among others, implements of husbandry moved temporarily upon the highways. Said statute specifically requires all farm trailers and semitrailers to conform to all other provisions of law save and except those requiring license and registration, and denies to them exemption if their gross weight exceed 4,000 pounds. The question in said case was whether motor vehicles apparently of size and character permissible on highways were implements of husbandry when used solely to convey water from a source of supply to a growing citrus fruit farm for irrigation purposes, it being stated in the opinion that the operation of such water trucks was absolutely indispensable to the existence of the fruit trees, and that there was nothing of a commercial nature attached to such use of the trucks. The Court of Civil Appeals at San Antonio holding that, while it might be contended that such use was not within the letter of the law, same seemed within the spirit and intent thereof, concluded that such trucks so engaged were implements of husbandry, and that doubts should be resolved in favor of such construction as necessary to the preservation of the crops of the farmer. We have no difficulty in stating that under the facts of the case same is not authority against our conclusion as above announced. We note that the decision in said case might have been affected by the fact that there is in the statute there involved a specific declaration, not found in the statute governing the instant case, defining temporary operation.

We see no application of the other case cited in which the exemption of trucks from levy of execution, etc., in various aspects, was upheld. The question deemed determinative here is entirely different. We think the legislative intent in the enactment of this statute only that which we have said to be our interpretation of same. We do not believe the Legislature would have intentionally injected a discriminatory element in a statute by legislating in favor of one form of business or occupation and against others. Nor do we thing they intended to say that a man who operated a farm or ranch in one part of the state of Texas might put in operation on the highways of this state one truck or a fleet of trucks of forbidden size or length conveying farm products to another farm or ranch twenty miles, or, for that matter 200 miles distant along such highways. It could be well said that, if a farmer could haul in a sixty-foot truck, along a public highway, a load of any weight he pleased to be fed to his cattle on a ranch 200 miles distant, it would appear odd that an oil company or a coal company, etc., etc., might not haul its output on the same sized truck on a highway to its refinery or coal yards, etc., etc.

Believing the case correctly decided, and that no error appears, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant takes issue with this court as to its conclusion that a truck and trailer loaded with farm produce was not "an implement of husbandry." In the case of Sproles et al. v. Binford, Sheriff, et al., appealed from the District Court of the United States for the Southern District of Texas (56 F. (2d) 189), the Supreme Court of the United States, in an opinion handed down May 23, 1932, 52 S. Ct., 581, 584, 76 L. Ed., ___, incorporates some of the findings of the trial court with reference to the motor vehicle act, chapter 282, Acts of the Regular Session of the 42nd Legislature (1931), Vernon's Ann. P. C., art. 827a, sec. 1, et seq. We copy from the opinion of the Supreme Court of the United States the finding of the trial court upon the issue now pertinent before this court. "In order to carry on the business of farming, 'implements of husbandry, plows, threshing machines, hay presses, etc.,' must be moved from one place to another. The same is true of machinery for water well drilling and highway construction. The uses of the highways for this sort of transportation are temporary only and essential to the public welfare."

It is evident that the trial court in its finding as to what was meant by the term "implements of husbandry" thought it had reference to the article itself, as is apparent from the further opinion of the Supreme Court in passing upon the question of discrimination. We quote further from the opinion as follows: "Fourth. We are thus brought to the ques-

tion raised with respect to the discriminatory provisions of sections 3, 5 and 7 of the act which are assailed as denying to appellants the equal prosecution of the laws.

"Section 3 (a) (Note No. 7) provides that the limitations as to size of vehicle shall not apply to 'implements of husbandry, including machinery used solely for the purpose of drilling water wells, and highway building and maintenance machinery temporarily propelled or moved upon the public highways.' The District Court was of the opinion that the term 'implements of husbandry' has reference to such implements as 'tractors, plows, hay presses, etc.,' and that the use of the highways for this purpose, as well as for the movement of the described machinery, is but temporary. [D. C.] 56 F. (2d), 189, at page 190.

"Appellants urge that any implement, truck or vehicle used by a farmer is an 'implement of husbandry' and hence, that under this exception trucks used by farmers in connection with dairies or farms may be operated throughout Texas without any restriction as to size. We see no reason for attributing such a broad construction to the provisions, if its validity can be saved by a narrower one, and we are informed that the Court of Criminal Appeals of Texas has held that the term 'implement of husbandry' in this statute covers only farm machinery and not trucks used as an incident to the business of farming. Reaves v. Texas, — S. W. (2d) —.

" Appellants also insist that the words 'temporarily propelled or moved upon the public highways' apply only to 'highway building and maintenance machinery' and not to 'implements of husbandry.' If the construction by the District Court of the term 'implements of husbandry' is correct, it would follow that the movement would be relatively temporary and infrequent as compared with the ordinary uses of the highways by motor trucks. We think that the exception, in the light of the context and of its apparent purpose, instead of being arbitrary relieves the limitation of an application which otherwise might itself be considered to be unreasonable with respect to the exceptional movements described."

The question before the Supreme Court of the United States was whether the exception of "implements of husbandry" was discriminatory. In the present case it is insisted that the truck and trailer as used by appellant was included within the terms "implements of husbandry." While the questions are different, it is apparent that in its view of the matter the Supreme Court of the United States took the same attitude with reference to what was meant by the term "implement of husbandry," as did this court in its original opinion, viz: that it had reference to the implement itself, such as a threshing machine or hay press, etc., and not to vehicles being used to transport farm produce from one point to another. The implication is that, if the broad construction contended for by appellant in the Sproles-Binford case be given the exemption clause

under consideration, in the opinion of the Supreme Court of the United States it might bring such clause under condemnation as being discriminatory, but that such was not the case when given the limited construction found in our original opinion.

If it be shown that a truck and trailer was necessary to carry on the business of farming, then there would be no question that such implement could be transported along the public road from one farm to another under the provision of subdivision (a), section 3 of the act in question, Vernon's Ann. P. C., art. 827a, sec. 3 (a), which is quoted in our original opinion, although such truck and trailer exceeded the designated length, just as a hay press might be moved under the same circumstances, but we are impelled to adhere to our original opinion that the truck and trailer was not an implement of husbandry in contemplation of the act in question when used as in the present case.

The motion for rehearing is overruled.

*Overruled.*