

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

Jan. 27, 1947

Hon. V. H. Sagebiel
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-48

Re: Construction of Article
827a, Section 3(a), Ver-
non's Annotated Criminal
Statutes of Texas, Penal
Code, in reference to im-
plements of husbandry,
and highway building and
maintenance machinery.

Dear Sir:

    We are in receipt of your letter of January 14, 1947, in which you request the opinion of the department on the questions contained in your letter which reads as follows:

    "An opinion is requested as to the interpretation of the exceptions listed in Article 827a, Sec. 3 (a), viz., 'implements of husbandry . . ., and highway building and maintenance machinery temporarily propelled or moved upon the public highways.'

    "The situation we have involves the transportation on the public highways, on its own wheels, of a privately-owned ten cubic yard power scraper which is conceded to be more than 96 inches in width, and which was transported for the purpose of building privately-owned earth tanks. It is con- tended that the transporting was an accomodation to the owners who are good customers of the firm of which the defendant is a member, and that the defendant and his firm received no compensation nor had any other connection with the scraper than its transportation; and further, that the scraper comes within the exceptions above noted.

    "A cut of a scraper similar to the one involved is enclosed."

    As we view your request, based upon the contents of your letter (including the picture or cut of the power scraper), two questions are presented.

1. Is the power scraper described an "implement of husbandry" so as to come within the exception regarding implements of husbandry in Article 827a, Section 3(a), Vernon's Annotated Criminal Statutes of Texas, Penal Code?

2. Is the power scraper described "highway building and maintenance machinery" so as to come within the exception regarding highway and maintenance machinery in Article 827a, Section 3(a), Vernon's Annotated Criminal Statutes of Texas, Penal Code?

Article 827a, Section 3(a), Vernon's Annotated Criminal Statutes of Texas, Penal Code (as amended, Acts 1931, 42nd Legislature, p. 507, ch. 282, Sec. 3), reads as follows:

> "No vehicle shall exceed a total outside width, including any load thereon, of ninety-six (96) inches, except that the width of a farm tractor shall not exceed nine (9) feet, and except further, that the limitations as to size of vehicle stated in this section shall not apply to implements of husbandry, including machinery used solely for the purpose of drilling water wells, and highway building and maintenance machinery temporarily propelled or moved upon the public highways." (Emphasis ours)

The power scraper in question is a large four-wheeled scraper with dual tires on the rear, more than ninety-six (96) inches in width, and capable of moving ten cubic yards of earth each time it is operated. It is drawn or towed by a full tract vehicle or similar mechanical force. Under the facts stated it was moved over a highway onto private land for use in constructing an earthen tank. Under the definition of "vehicle" as defined by the Legislature in Article 827a, supra, the scraper is a vehicle inasmuch as it is a ". . . mechanical device, in, upon or by which any person or property is or may be transported or drawn upon a public highway . . ." See Commercial Standard Ins. Co. v. McKinney, 114 S. W. (2d) 338 (Tex. Civ. App. 1938).

The term "implements of husbandry" has not been defined by the Legislature in the particular statute in question. Such being true, and the intent remaining obscure after a reading of the entire act, we may consider other laws and circumstances indicating the legislative intention. American Surety Co. v. Axtex Co., 120 Tex. 166, 36 S. W. (2d) 715 (1931); Barnes v. State, 75 Tex. Crim. Rep. 188, 170 S. W. 548 (1914). Under Article 6675a-1, Revised Civil Statutes of Texas, 1925, as amended (Registration and Regulation of Vehicles), "implements of husbandry" are defined as follows:

"(r) 'implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck." (Emphasis ours)

Article 6687b, Section 1, Texas Revised Civil Statutes, (Acts 1941, 47th Legislature, as amended Acts 1943, 48th Legislature) defines "implements of husbandry" as follows:

"(g) 'Implements of Husbandry.' Farm implements, machinery and tools as used in tilling the soil, namely: cultivators, farm tractors, reapers, binders, combines, or mowing machinery, but shall not include any automobile or truck." (Emphasis ours)

Ballentine defines "Implements of Husbandry" as follows:

"Any instrument used directly in the business of farming, and for no other purpose is an implement of husbandry. Horse rakes, gang plows, headers, threshing machines, and combined harvesters are as clearly implements of husbandry as are hand rakes, single plows, sickles, cradles, flails, or an old fashioned machine for winnowing. There is no ground for excluding an implement from the operation of the exemption statute because it is an improvement, and supplants a farm implement used with less effectiveness for the same purpose. Estate of Klemp, 119 Cal. 41, 39 L. R. A. 340, 50 Pac. Rep. 1062." (Emphasis ours)

The Court of Criminal Appeals had before it in Reaves v. State, 121 Tex. Crim. Rep. 488, 50 S. W. (2d) 286 (1931), the question of whether or not a motor truck with trailer exceeding forty-five feet in length and transporting baled hay, cotton and feed stuffs, came within the exemption stated in Article 827a, Section 3(a), supra. The court in holding that the truck did not come within the implement of husbandry exception defined "implements of husbandry" under the statute as follows:

". . . An implement of husbandry is something necessary to the carrying on of the business of farming, etc., without which the work cannot be done. 31 Corpus Juris, p. 256." (Emphasis ours)

No other case has construed the term "implements of husbandry" under the Article in question. The Supreme Court of Texas in Allred v. J. C. Engelman, 123 Tex. 205, 61 S. W. (2d) 75 (1933) held that a water truck was an implement of husbandry

within the meaning of Article 6675a-1 et seq., which was used for transporting water to a citrus farm, and the Amarillo Court of Civil Appeals in Bean v. Reeves, 77 S. W. (2d) 737 (1934, Rehearing Denied), held that a truck used exclusively in connection with the business of the owner's farm and temporarily operating on the highways in transporting the owner's cotton to the gin, and farm products to market was an "implement of husbandry" and therefore exempt from registration fees. Both of these cases arose prior to the amendment of Article 6675a-1 et seq., in 1941 when the Legislature added the definition of "implements of husbandry" to the act, and they therefore throw no light on the decision of the question involved in this opinion.

We think it clear from what has been said, and especially under the decision of the Court of Criminal Appeals in Reaves v. State, supra, that the power scraper above described was not an "implement of husbandry" as that term is used in Article 827a, Section 3(a), supra. The answer to the first question is therefore in the negative.

We have been unable to find any case construing the terms "highway building and maintenance machinery" as used in Article 827a, Section 3(a), supra. It was said by the court in Reaves v. State, supra, page 287, that:

> ". . . Recognizing that of necessity some forms of transportable machinery must move from one place to another, and that over said highways, exceptions were inserted in the statute . . ."

> "The permission of the exceptions here appearing extends no further than to the implement or machine itself when in form or size violative of the statute . . ."

It seems clear that the Legislature in using the term "highway building and maintenance machinery" intended to designate a particular type of heavy machinery commonly used in the construction and maintenance of roads and highways as being exempt from the operation of the statute where it was only temporarily moved over the highway. The Legislature evidently had in mind that it was impossible to anticipate and describe by name every heavy machinery whose particular design would bring it within the classification of "highway maintenance and building machinery." It seems evident that the purpose of the legislation was to exempt from the prohibitions of the statute all machines of a type primarily designed for highway construction and maintenance, temporarily using the highways, when their size and form brought them within the prohibitions. Compare Allred v.

J. E. Engelman, 123 Tex. 205, 61 S. W. (2d) 75 (1933).

It is important to observe that the statute does not qualify the term "highway building and maintenance machinery" by requiring that the use of the machine be devoted solely to highway building and maintenance before it will come within the exemption as the Legislature saw fit to do with respect to "machinery used solely for the purpose of drilling water wells," which appears as a part of the same statute. (Emphasis ours) It therefore follows, in our opinion, that the term "highway building and maintenance machinery" was used to designate a particular type of heavy machinery and equipment commonly used in connection with highway maintenance and construction. The fact that the machine might, at times, be dedicated to some other use does not within itself eliminate it from the classification.

Webster's New International Dictionary, Second Series, unabridged, defines the word "scraper" in part as follows:

"An apparatus drawn by horses or other means for scraping up, transporting and dumping earth in making roads, canals, etc. . . The two-wheeled and four-wheeled scrapers have a metal scoop, suspended from an axle on wheels, that can be raised to clear the ground after loading." (Emphasis ours)

The picture and description of the power scraper under consideration reflects that it is a type commonly seen in use today by construction companies in the building of highways, dams, artificial lakes, levees, and the such like. It is true that the particular power scraper, equipped with pneumatic tires, bogies and other modern mechanical devices is vastly different from scrapers seen in operation in the building of roads and general construction works several years ago, but it seems evident that such was one of the purposes of the Legislature in defining such machinery in general terms so as to take care of constantly changing conditions and improvement in machinery of this type.

It is a general rule of statutory construction that in the absence of a contrary indication legislative enactments which are prospective in operation and which are couched in general and comprehensive terms broad enough to include unknown things that might spring into existence in the future, apply alike to new things, coming into existence subsequent to their passage where such things are of the same class as those specified, and are within the general purview, scope, purpose and policy of the statute and the evident meaning of the term used. 50 Am. Jur. Sec. 419, Zucarro v. State, 82 Tex. Crim. Rep. 1, 197 S. W. 982, L.R.A. 1918B, 354 (1917). Applying this rule of construction the legislative designation of "highway

building and maintenance machinery" would include a modern power scraper equipped with pneumatic tires, bogies, and other mechanical devices.

In answer to what constitutes a temporary movement or propelling along the highway as contemplated by the statute, the court in Reaves v. State, supra, said:

"... if a farmer should desire to transport such vehicle along the highways from place of purchase to place of intended use, or from one place of use to another, this would be the 'temporary propelling or moving' contemplated by subdivision (a) quoted above, and would hence be permissible ..." (Emphasis ours)

Based upon the above and foregoing, we are of the opinion that the four-wheeled power scraper described is "highway building and maintenance machinery" within the meaning of Article 827a, Section 3(a), supra, notwithstanding the fact that it was temporarily moved over the highway for use in constructing an earthen tank on private land. Our answer to your second question is in the affirmative.

## SUMMARY

1. A large four-wheeled power scraper exceeding ninety-six (96) inches in width, and capable of moving ten yards of dirt in each operation, and used in constructing an earthen tank on private land, held not to be an "implement of husbandry" under the exceptions contained in Article 827a, Section 3(a), Vernon's Annotated Criminal Statutes of Texas.

2. A large four-wheeled power scraper exceeding ninety-six (96) inches in width, and capable of moving ten yards of dirt in each operation, which was temporarily moved over a highway onto private land for use in constructing a privately owned earthen tank, held to be "highway building and maintenance machinery" and within the exception contained in Article 827a, Section 3(a), Vernon's Annotated Criminal Statutes of Texas, even though temporarily devoted to construction of an earthen tank rather than highway building and maintenance.

APPROVED
JAN 27 1947

*Price Daniel*
ATTORNEY GENERAL

Yours very truly,
ATTORNEY GENERAL OF TEXAS

By    *Charles D. Mathews*

Charles D. Mathews
Assistant

CDM:jt:sl      APPROVED-OPINION COMMITTEE
BY   BWB - CHAIRMAN