### A. C. Nichols & Co. v. N. Porter.

#### No. 1089.

1. **Exemption—Tools of Trade.**—The business of saddle, harness, and collar making may be regarded as one trade within the meaning of the statute exempting from execution all tools belonging to any trade or profession.

2. **Same.—Several Trades.**—It seems that in this State one who actually engages in several trades to earn a support for himself and family can hold as exempt the necessary tools and apparatus for carrying on all of them.

3. **Practice—Judgment for Interest.**—Where, in a suit for debt tried before a jury, the defendant admits the plaintiff's cause of action, and the jury omit to allow plaintiff interest on his debt, such omission may be corrected either in the trial court or the appellate court.

APPEAL from Taylor.    Tried below before Hon. T. H. Conner.

*Lockett & Joiner*, for appellants.—The court erred in holding, that under the exemption laws of this State a man following the trade of a harness, saddle, and collar maker can claim and is entitled to all the tools and apparatus belonging and being used by him in said trade or trades, and to each of them.   Our statute exempts all tools or apparatus belonging to any trade or profession, and not to any trades or to all trades, nor to any profession nor to all professions.   The defendant could only claim the tools and apparatus belonging to one trade or profession.    Sayles' Civ. Stats., art 2335, subdiv. 5.

*Cockrell & Cockrell*, for appellee.

HEAD, ASSOCIATE JUSTICE.—Appellants instituted this suit to recover of appellee an alleged indebtedness of $2012, with interest thereon.

A writ of attachment was levied upon the following articles, which are claimed by appellee to be exempt from forced sale under our statute, viz:   Three stitching horses, one pad press, one box loop press, one creasing machine, one shop clock, one splitting gauge, one iron vise, one trace trimmer, one pair of scales, one coal stove, one grindstone, two sets of dies for cutting blinds, one wax sewing machine, one manufacturing machine, one office safe, one collar machine, one straw cutting machine, one collar block, one wax collar machine; the aggregate value of which was alleged to be the sum of $810.50.

The answer claiming this exemption contained, among others, the following allegations: "That the said N. Porter had at various times purchased, was the true and rightful owner of, and was constantly using in connection with his business of saddle, harness, and collar maker, the following machinery, implements, appliances, and tools of trade * * *; that defendant is a harness and saddle maker by trade, and has no other means, trade, or profession by which to support his family; and that the various articles hereinbefore mentioned were used by him in and about his said business, and are useful and necessary to him in the prosecution of his said business; * * * that defendant has a large and helpless family dependent on him for a support, who reside in the said city of Abilene; that had he not been deprived of his said tools and implements of trade, said defendant could and would have continued his said trade of saddle, harness, and collar maker."

To this answer appellants demurred, upon the ground, that "it did not definitely state that he (appellee) had but one trade or profession, and that said tools and apparatus were exempt to that trade or profession."

We are of opinion that this demurrer was correctly overruled. Our statute exempts, among other things, "all tools, apparatus, and books belonging to any trade or profession." We do not think that the allegations of this answer show that appellee was engaged in more than one trade. On the contrary, it seems to us that the business of saddle, harness, and collar making can very appropriately be called only one trade, within the meaning of our statute.

Mr. Thompson, in his work on Homesteads and Exemptions, section 759, says: "Under a statute exempting simply the tools of a mechanic's trade, it has been held that there may be kindred employments which may be pursued by the same person, as the miscellaneous work of a general machinist, bell hanger, screw cutter, and the like, in which case all his tools necessary to carry on these trades will be protected. Thus the fact that a debtor carried on two trades at the same time, as that of a bookbinder and that of a printer, does not deprive him of the exemption of his tools in either trade, if they were necessary, and the latter occupation requisite for the procurement of subsistence."

This quotation seems fully sustained by a number of adjudicated cases cited in the note thereto. The same principle has been held in Michigan to apply to the case of a blacksmith who occasionally engaged in making wagons, although the exemption in that State is in favor "of the trade or business in which the debtor is wholly or principally engaged." Stewart v. Welton, 32 Mich., 59.

We are therefore of opinion that the answer of appellee was sufficient, even though it be held that the language of our statute, "belonging to any trade or profession," restricts the exemption to the tools and apparatus belonging to *one* trade.

We do not, however, incline to place this restricted construction upon our statute, but rather to concur with the Supreme Court of Massachusetts, where, in construing the words "necessary for carrying on his trade or business" in an exemption statute, the following language is used: "One ground of the defense is, that the plaintiff was a painter and carried on the trade of a painter; that he had a stock and tools belonging to that department of his business, amounting to $10; that these were given up to him by the assignee, and that he was entitled to nothing more; that his other business was a distinct trade, and that the statute does not exempt stock and material belonging to more than one trade or business. But the statute does not strictly limit the exemption to what is commonly pursued as a single trade. There is no settled rule of division or distinction between different trades in this country, and changes are in constant progress by which the divisions of labor and trade are multiplied, especially in large towns, where business is prosecuted on a large scale. The business of house building, for example, is divided into a great number of separate trades, and if the distinction contended for were to be adopted, the tools of a joiner used in making windows would not be exempted if he was also engaged in making stairs, and possessed tools adapted to that business. This view of the statute was taken in Pierce v. Gray, 7 Gray, 67, where it was held, that one whose general business was the ice business, and whose tools of trade in that business were exempt, might also hold as exempt his tools for farming or gardening. In Howard v. Williams, 2 Pickering, 80, and Dowling v. Clark, 1 Allen, 283, it is said, that 'the design and effect of the law have been held to secure the handicraftmen the means by which they are accustomed to obtain subsistence in their respective occupations.' This construction is adapted to the business of small country towns, where it is often convenient to the people, and necessary to the subsistence of a mechanic, that he should carry on a variety of branches of business which in large cities are always carried on separately. In the case last cited it is further said, that the exemption will include tools and implements required by the journeymen or assistants, without whose aid the business of a mechanic can not be prosecuted to any profitable end." Eager v. Taylor, 9 Allen, 156.

A similar view was announced in Baker v. Willis, 123 Massachusetts, 194, in which a tinner was allowed to claim his cornet as exempt, on the ground that its use furnished him a further means of support.

A number of cases, however, can be found in which it is held that a person can not, by multiplying his employments, claim several exemptions created by the statute for several distinct pursuits. Jenkins v. McNall, 27 Kan., 532; Weis v. Levy, 69 Ala., 209; Bevitt v. Crandall, 19 Wis., 531.

We believe, however, that the Massachusetts rule is more in harmony with the spirit of our exemption laws (Green v. Raymond, 58 Texas, 80; Cone v. Lewis, 64 Texas, 331; Alsup v. Jordan, 69 Texas, 300), and that in this State one who actually engages in several trades to earn a support for himself and family can hold as exempt the necessary tools and apparatus for carrying on all of them.

Appellee having filed in the court below his admission in writing of plaintiffs' cause of action as set out in their petition, and upon this admission having been granted the right to open and conclude in the introduction of evidence and argument of counsel, the court should have instructed the jury to find in favor of appellants the interest as well as the principal claimed by them. We think, however, the error in failing to do this was substantially corrected in the order entered overruling the motion for new trial.

We do not think appellants' position, that the case having been tried by a jury, the court would have no power to make this correction, is well taken. When the admission above set forth was filed by appellee, there remained nothing upon this branch of the case for the jury to try, and no verdict was necessary to enable the court to render judgment for the proper amount. We, at least, under the statute, would have the right to make the correction here, and if the court below has already made it, there remains nothing for us to correct.

The other assignments of error can not be considered, in the absence of a statement of facts.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered May 2, 1894.