CAMPBELL v. HONAKER'S HEIRS et al. (No. 7113.)

(Court of Civil Appeals of Texas. Dallas. March 28, 1914. Rehearing Denied April 25, 1914.)

1. EXEMPTIONS (§ 45*)—"TRADE OR PROFESSION."

One conducting a moving picture show is engaged in a "trade" or "profession" within Rev. St. 1911, art. 3785, subd. 5, exempting from execution the tools, apparatus, and books belonging to any trade or profession.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*]

2. EXEMPTIONS (§ 45*)—PROPERTY EXEMPT—APPLIANCES FOR MOVING PICTURE SHOW—"TOOLS."

Appliances used for producing moving pictures in a moving picture show are exempt from execution as "tools" or apparatus within Rev. St. 1911, art. 3785, subd. 5, but the chairs used by the audience are not exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 8, pp. 7000–7005.]

3. EXEMPTIONS (§ 4*) — STATUTES—CONSTRUCTION.

Exemption statutes must be liberally construed to affect their objects and promote justice.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 4; Dec. Dig. § 4.*]

4. COURTS (§ 91*)—CONTROLLING DECISIONS—DECISIONS OF SUPREME COURT.

The Courts of Civil Appeals must follow the decisions of the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

5. EXEMPTIONS (§ 13*)—TOOLS OF TRADE OR PROFESSION—ABANDONMENT.

The mere fact that one who conducted a moving picture show in a leased building was removing his appliances therefrom at the expiration of the lease did not show an abandonment of the business so as to remove the appliances from the protection of the exemption statute. Rev. St. 1911, art. 3785, subd. 5.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 12; Dec. Dig. § 13.*]

6. EXEMPTIONS (§ 45*) — TRADE OR PROFESSION.

That one was operating an opera house and a moving picture show at the same time in different parts of rented premises did not prevent him from claiming the appliances used to produce the moving pictures as exempt within Rev. St. 1911, art. 3785, subd. 5, exempting tools and apparatus belonging to any trade or profession.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*]

Appeal from Collin County Court; H. L. Davis, Judge.

Action by the heirs of W. B. Honaker and another against A. O. Campbell. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

L. C. Clifton, of McKinney, and J. W. Donaldson, of Bonham, for appellant. W. R. Abernathy, of McKinney, and R. L. Moulden, of Farmersville, for appellees.

TALBOT, J. Honaker & Herron, a firm composed of W. B. Honaker and W. P. Herron, rented to the appellant, Campbell, a two-story building in the town of Farmersville, Tex.; the upper story of said building to be used as an opera house and the lower story to be used for the purposes of a moving picture show. The upper story or room was rented from the 11th day of August, 1911, to the 15th day of July, 1912, at $15 per month, and the lower story or room from the 15th day of August, 1911, to the 1st day of January, 1912, at $20 per month. Appellant took charge of the rented property, furnished the picture show machinery, chairs, etc., and conducted and ran a moving picture show in the lower room, as contemplated in his lease contract, and used the upper room as an opera house, but to what extent does not appear. It does appear, however, that no shows were given in the opera house part of the building after some time in November, 1911. The machinery and furniture put into the building for the purpose of operating the moving picture show consisted of one "Underwriter's Model Type B No. 1471 Edison Machine, one Underwriter's Model B Edison Perfecting Kinetoscope, Manufacturers' Sale No. 1853, 225 folding chairs, and metal machine outfit, all curtains there belonging and a tin horn"—the entire property being of the value of $200. On the 1st day of December, 1911, while operating his moving picture show, appellant received a message calling him to the bedside of a sick son in Oklahoma City. Upon receipt of this message, appellant placed his moving picture show business in charge of Joe Stanford of Farmersville, and left to attend his sick son. Stanford ran the business during appellant's absence, which was until December 31, 1911. When appellant returned the appellees had taken possession of the upper story of the rented building, and were fitting it up to be used as a hotel. There was then due and unpaid

on the rental contract the sum of $199, and appellant was informed that he must not move from the rented premises any of the property used in conducting the moving picture show business. Appellant attempted to remove said property from the building, and appellees on the 1st day of January, 1912, instituted suit against him in the justice court for the said sum of $199, due for rent, and sued out a distress warrant and caused the same to be levied upon said property. A trial of the case in the justice court resulted in a judgment in favor of appellees here, with a foreclosure of the landlord's lien upon the property seized under the distress warrant. From this judgment the appellant Campbell appealed to the county court, where judgment was again rendered in favor of appellees with a foreclosure of the landlord's lien on the property which had been used by appellant in conducting his picture show business, and appellant appealed to this court.

[1] The controlling question presented for decision, and the only one insisted upon by appellant's counsel in argument at the bar, is whether or not the property which appellant had been using in operating his moving picture show is exempt from forced sale under subdivision 5 of article 3785, Revised Statutes of 1911, which reserves to every family exempt from every species of forced sale for the payment of debts "all tools, apparatus and books belonging to any trade or profession." The evidence is without dispute that appellant was at the time of the seizure of his property and the trial of this case the head of a family. From the time he leased the building involved in this suit up to immediately before the seizure of the property in controversy he had been engaged in conducting a moving picture show in said building and using said property therefor. Without contradiction he testified, among other things, as follows: "I am the defendant in this suit. I am 50 years old. I now reside at Farmersville, Tex., Collin county. I was engaged in the picture show business and running an opera house prior to and up to January 1, 1912. I was living at and carrying on my picture show business in Farmersville, Tex., up to January, 1912, when the plaintiffs filed this suit against me for rents and sued out a distress warrant and seized my moving picture show outfit and put me out of business, and it has been in charge of the officers since. It was owned and operated by me. It was all the means I had for a support. I had no other trade, calling, or profession at the time, but was by profession a blacksmith. The picture show consisted of the following property, to wit: One Underwriter Model Type B No. 1471 Edison Machine, one Underwriter Model Type B Edison Perfecting Kinetoscope, Manufacturers' Sale No. 1853, 225 folding chairs, metal machine outfit and curtains used in said house, and tin horn. All this property, tools, and apparatus was used by me in running my picture show business, and it was all necessary in that business, and was designed and intended for that business. I could not have run the business without it. It was all the property, tools, and apparatus I owned, and the picture show business and opera house business were the only businesses, trades, and professions that I had, and was the only means I had to support myself and family. The machinery was operated by hand. That is, the films were turned by crank that moved them around so as to produce the picture, and this crank was turned. The light used in connection with the machine to expose the pictures was the electric light connected with the Farmersville Electric Light Plant. The light could have been produced by other means than electricity. I never operated the machine myself but three or four times. Mr. Peal operated it for me. I was moving my property out of the building and had considerable of it out when it was levied upon. The officers took my property from me and have it now."

It has been held that the word "trade" is often used in its broader sense, and as equivalent to "occupation," "employment," or "business," whether manual or mercantile; that, indeed, in its broad and general sense it covers and embraces all occupations in business with the possible exception of the learned professions and those that pertain to liberal arts and the pursuit of agriculture. It is also held that the word "profession" in its larger and broader meaning embraces "the business which one professes to understand and to follow for subsistence." Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710, and cases therein cited. It is clear, we think, that conducting and operating a moving picture show is a trade or profession within the meaning of the statute to which we have referred. It was the occupation or business of appellant and the one which he followed for the subsistence of himself and family.

[2, 3] But were the articles of property seized by the distress warrant and upon which the landlord's lien was foreclosed "tools" or "apparatus" within the meaning of the statute in question? Clearly so we think, except the chairs. The printing press, type, and cases needed in a printing office and owned by the editor and publisher of a newspaper were held to be exempt from forced sale under this statute. Green v. Raymond, 58 Tex. 80, 44 Am. Rep. 601. And likewise, the barber chairs and mirrors, used by a barber, a citizen of this state, and head of a family, in carrying on his trade, were held to be exempt from execution. Fore v. Cooper, 34 S. W. 341; Allen v. Thompson, 45 Vt. 472. So we think it must be held that the Underwriter's Model Type B No. 1471 Edison Machine, the Underwriter's Model B Edison Perfecting Kinetoscope Manufacturers Sale No. 1853 machine, and metal machine outfit, which were and are absolutely

essential to the conducting of the appellant's moving picture show business, are exempt from forced sale for the payment of appellees' debt. Statutes of the character in question have been liberally construed, usually, "with a view to effect their objects and to promote justice," and in Green v. Raymond, cited above, it is said with respect to our statute that "the terms used, and especially the word 'apparatus,' is strikingly apt, a generic term of the most comprehensive signification." It is certainly broad enough to embrace within its meaning those items of appellant's property which we have said must be held to be exempt from seizure and forced sale for the payment of appellees' debt. The trade or business of appellant was that of operating and conducting a moving picture show, and the "apparatus" essential thereto must of necessity include the property which we hold to be exempt. To deprive him of it as appellees seek to do would destroy his business and take from him, according to his undisputed testimony, the only means he has of supporting himself and family. This we think would not be in accord with the liberal construction generally given statutes similar to the one we have under consideration, and we have no disposition to depart from that construction.

[4] As an original proposition submitted to us, we would also hold that the chairs, seized under and by virtue of appellees' distress warrant and upon which the landlord's lien was foreclosed in the county court, were exempt from forced sale; but the decision of our Supreme Court in the case of Simmang v. Pennsylvania Fire Ins. Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846, is opposed to this view and must be followed. In the opinion in that case it is admitted that the keeping of a restaurant is a trade within the meaning of the statute under consideration; but it was held that notwithstanding that fact an ice box or refrigerator, which was being used and necessary, in conducting the restaurant by the keeper, was not exempt from forced sale as a tool or apparatus belonging to his trade. In support of this holding the Supreme Court cites the case of Heidenheimer v. Blumenkron, 56 Tex. 314, and Dodge v. Knight (Sup.) 16 S. W. 626. We do not believe these cases support the decision of the Supreme Court, and agree with the views of the Court of Civil Appeals at Galveston, as expressed in Hammond v. McFarland, 161 S. W. 47, to the effect that said cases of Heidenheimer v. Blumenkron and Dodge v. Knight, only decide that household and kitchen furniture used by a restaurant or hotel keeper is not exempt from forced sale under subdivision 2 of the statute above cited, which exempts such articles when used for family purposes, and have no bearing upon the question of whether an ice box is exempt as a tool or apparatus belonging to the trade of a restaurant keeper. The case of Frank v. Bean, 3 Wilson, Civ. Cas. Ct. App. § 211, which is also cited by the Supreme Court with approval, does, it seems, sustain the decision in Simmang's Case. If the ice box in Simmang's Case was not exempt, then we are unable to see how the chairs in this case can be held to be exempt; and therefore, in accordance with that opinion, we hold that the chairs levied upon by appellees in this case were not exempt from forced sale, and that the lower court's action in so holding was not error.

[5] The contention of appellees that appellant had abandoned the moving picture show business at the time this suit was filed and the levy of the distress warrant made is not, we think, sustained by the record. There is no evidence that tends to show that appellant did not intend to begin conducting his moving picture show business as soon as he could obtain a suitable building in which to do so. The mere fact that his lease of appellees' building had expired and he was removing his property from said building would not warrant a finding that he had definitely abandoned said business.

[6] Nor do we think the fact that appellant had been running an opera house and his moving picture show at the same time and in different parts of the rented premises seriously affects the question. Nichols v. Porter, 7 Tex. Civ. App. 302, 26 S. W. 859. In the case just cited it is said upon the subject of a person multiplying his employments, and claiming several exemptions created by statute for several distinct pursuits, that the "Massachusetts rule is more in harmony with the spirit of our exemption laws, * * * and that in this state one who actually engages in several trades to earn a support for himself and family can hold as exempt the necessary tools and apparatus for carrying on all of them."

The judgment of the court below is reversed, and the cause remanded to be tried in accordance with the views expressed in this opinion.

Reversed and remanded.