SMITH v. McBRYDE et al. (No. 5390.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1915. Rehearing Denied Feb. 17, 1915.)

1. EXEMPTIONS ⊂⊃45 — PROPERTY EXEMPT — TOOLS AND IMPLEMENTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, providing that the property therein specified, including the homestead of the family, all implements of husbandry, two horses and one wagon, and all saddles, bridles, and harness necessary for the use of the family, shall be reserved to every family exempt from attachment or execution, it is not necessary to the exemption of agricultural implements that they be used in the cultivation, use, and enjoyment of a homestead, or that the owner thereof own a homestead.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. ⊂⊃45.]

2. EXEMPTIONS ⊂⊃45 — PROPERTY EXEMPT — TOOLS AND IMPLEMENTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, all implements of husbandry used by a farmer in conducting his farming operations directly, and also those used by his tenants and employés, are exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. ⊂⊃45.]

3. EXEMPTIONS ⊂⊃4—EXEMPTION LAWS—LIBERAL CONSTRUCTION.

Exemption laws are so favored in their construction that they are excepted from the rule that laws in derogation of the ˙common law must be strictly construed, and such laws should be liberally construed.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 4; Dec. Dig. ⊂⊃4.]

4. EXEMPTIONS ⊂⊃22 — PROPERTY EXEMPT — TOOLS AND IMPLEMENTS.

Implements of husbandry and other articles exempted by Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, were exempt, though the owner may have been engaged in other work besides farming.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 24–27; Dec. Dig. ⊂⊃22.]

5. EXEMPTIONS ⊂⊃44 — PROPERTY EXEMPT — TOOLS AND IMPLEMENTS.

The cart owned by a farmer, in which he rode to his farm, and the harness used in connection therewith, were exempt, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 51–55; Dec. Dig. ⊂⊃44.]

6. EXEMPTIONS ⊂⊃28 — PERSONS ENTITLED — SEPARATION OF HUSBAND AND WIFE.

That a husband and his wife were temporarily or permanently residing in different parts of the state did not destroy the family and deprive it of its exemptions, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 31, 32; Dec. Dig. ⊂⊃28.]

7. EXEMPTIONS ⊂⊃149—ACTIONS FOR DAMAGE —AMOUNT OF RECOVERY.

A party whose horses, mares, and mules, including those exempt, are attached and sold, may recover the value of any two horses, mares, or mules, but not more.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 179; Dec. Dig. ⊂⊃149.]

8. EXEMPTIONS ⊂⊃149—ACTIONS FOR DAMAGE —AMOUNT OF RECOVERY.

A party attaching and selling exempt property is liable for the actual value thereof, and, if the facts justify such damages, for exemplary damages.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 179; Dec. Dig. ⊂⊃149.]

9. APPEAL AND ERROR ⊂⊃756—BRIEFS—CITATION OF AUTHORITIES.

Parties citing cases in their briefs should always give the names of the litigants, as well as the book and page, and, where the names of the

litigants are not given, should verify the numbers of the reports and pages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. ☞756.]

Appeal from District Court, Brooks County; W. B. Hopkins, Judge.

Action by G. W. Smith against R. E. McBryde and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Jas. M. Taylor, of Corpus Christi, and V. W. Taylor, of Alice, for appellant. John C. North, of Falfurrias, for appellees.

FLY, C. J. This is a suit for damages accruing to appellant by reason of the appellees attaching and selling certain property exempted from forced sale by the laws of Texas. The appellees are R. E. McBryde, and Henry L. Inselmann, H. C. Holbrook, and H. R. Ball, sureties on the bond for attachment. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellees.

[1, 2] By the provisions of article 3785, Vernon's Sayles' Stats., there is reserved to every family exempt from attachment or execution and every other species of forced sale for the payment of debts, save the exceptions therein provided for, among other things, "all implements of husbandry," and "two horses and one wagon," and "all saddles, bridles, and harness necessary for the use of the family." Among the exemptions is the homestead of the family, but it is nowhere provided that a family must have a homestead in order to have the benefit of the other exemptions. The family that does not own an acre of ground has its exemptions, as well as the one living in a palatial home. The man who rents land to cultivate would need the protection of the exemptions as to implements of husbandry, the horses and wagon, and saddles, bridles, and harness, as much or more than the man who is a landowner. It was never intended to withdraw all protection from the forced sale of implements of husbandry, if they were not used and are not necessary, as charged by the trial judge, "in the cultivation and use and enjoyment of said homestead." There is not one word in the statute that makes the use of agricultural implements on a homestead, a condition precedent to their exemption from forced sale. The benign protection of the statute extends to poor and rich alike, to him who has nothing but the implements and the other exemptions of personal property, as well as to him who is the owner of 200 acres of land. It did not matter, therefore, whether the land owned by appellant was his homestead or not, the implements of husbandry used by him and his tenants on the place were exempt under the statute. It may be that it is inconsistent to hold that all the implements used on the place, when

two plows, planting machines, etc., would be all that could be used with the two exempt horses; but the statute says "all implements of husbandry." This would include all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employés.

[3] Laws as to exemptions were passed for humane purposes, in the protection of the poor, the unfortunate, and the thriftless from cruel and insatiate creditors, who would deprive the debtor and his helpless family of even means of subsistence, to collect a debt. Such laws were unknown to the common law, under whose exercise the defaulting debtor was deemed a criminal, to be deprived af all that he had and then imprisoned. No allowance was made for misfortune, and no pity was shown to him or those dependent on him. There can be no doubt that exemption laws, like many others enacted for benevolent and humanitarian purposes, are used by the vicious and unscrupulous to evade the payment of debts to those who may have less than the debtor; but on the whole the wisdom of such legislation has often been vindicated. Exemption laws are so favored in their construction that they are excepted from the rule that laws in derogation of the common law must be strictly construed, and the rule is laid down that they should meet with liberal construction. Type Foundry v. Live Stock Co., 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870.

[4] Although appellant may have been engaged in other work besides farming, still the law would protect all of his implements of husbandry and other exemptions from attachments or executions. Nichols v. Porter, 7 Tex. Civ. App. 302, 26 S. W. 859; Howard v. Williams, 2 Pick. (Mass.) 80; Dowling v. Clark, 1 Allen (Mass.) 283; Eager v. Taylor, 9 Allen (Mass.) 156.

[5] The cart and harness owned by appellant in which he rode to his farm would be exempt. Cone v. Lewis, 64 Tex. 331, 53 Am. Rep. 767.

[6] The fact that appellant and his wife were residing in different parts of Texas, whether temporarily or permanently, did not destroy the family and deprive it of its exemptions. Shook v. Shook (Tex. Civ. App.) 145 S. W. 682.

[7] Appellant under the law can recover the value as damages of any two horses, mares, or mules he may select from those upon which the attachment was placed, but under the exemption statute he could not recover for the value of more than two of the animals.

[8] If appellee attached the exempt property, he is liable for the actual value of the property; and if the facts justify it he will be liable for exemplary damages. We cannot ascertain from the third assignment of error,

or from the bill of exceptions on which it is based, that other parties were tort-feasors with appellee, and the pleadings fail to allege a conspiracy, or that there were joint tort-feasors. If appellant desires to join any other party as defendant, he must plead the necessary facts. There must be pleadings, as well as facts, to charge a person with damages.

[9] The brief of appellant has not been prepared so as to assist the court, and a number of the assignments of error could not be considered, because prepared in total disregard of the rules. The cases cited are described only by the report and page, the style of the cases being omitted, and the result has been that this court, not finding the case in the report at the page mentioned, has been unable to consult same. Had the parties been named, the court could probably have discovered the cases. The names of the litigants, as well as book and page, should always be given, and, as they were not given in this case, some attention should have been given to verifying the numbers of reports and pages. This court has sufficient labor to perform, without being compelled to perform labor that devolves upon attorneys for the parties.

The judgment is reversed, and the cause remanded.

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

