## SEILER v. BUCKHOLDT. (No. 7731.)

Court of Civil Appeals of Texas. San Antonio.
March 16, 1927.

1. Exemptions ☞43—Two mules held exempt from forced sale under execution (Vernon's Sayles' Ann. Civ. St. 1914, art. 3785).

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, providing that each family had right to retain two horses exempt from execution, two mules *held* exempt.

2. Exemptions ☞45—Implements of husbandry held exempt, though owner was engaged in other work besides farming (Vernon's Sayles' Ann. Civ. St. 1914, art. 3785).

Although owner of certain farming implements was forced to engage in something else besides farming by the seizure of such implements, they were *held* exempt under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785.

3. Exemptions ☞45—Cultivators, plow, stalk cutter, and riding planters, seized under execution, held exempt; "implements of husbandry" (Vernon's Sayles' Ann. Civ. St. 1914, art. 3785).

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3785, making exempt from execution all "implements of husbandry," cultivators, plow, stalk cutters, and riding planters *held* exempt.
[Ed. Note.—For other definitions, see Words and Phrases, Implements of Husbandry.]

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Injunction proceding by Joseph A. Buckholdt against Albert Seiler and another. Judgment for plaintiff against the defendant named, and he appeals. Affirmed.

Fellbaum & Fellbaum and Leonard Brown, all of San Antonio, for appellant.
Hull & Oliver, of San Antonio, for appellee.

FLY, C. J. This is an appeal from a decree perpetually restraining appellant and James Stevens, sheriff of Bexar county, from selling two mules, two cultivators, one plow, one stalk cutter, and two riding planters seized under an execution, issued out of the district court of the Seventy-Third judicial district, in a cause styled Albert Seiler v. Joseph A. Buckholdt et ux.; said injunction being issued because the property was exempt from forced sale. The costs were assessed against appellant, and it was ordered that appellee take nothing as against James Stevens.

[1-3] The uncontradicted evidence shows that in 1923 appellee had the property described herein and was farming on a certain tract of land from which he was evicted by appellant. He rented another farm for 1924, and, when he endeavored to obtain possession of the personal property hereinbefore described, he was prevented from taking possession of said property and thereby prevented from farming on the land he had rented for 1924.

While litigating over the property, he could not farm because he could not use the mules and his implements, and had to work at something else to obtain a living for his large family, a wife and twelve children. He swore that as soon as he got his property he intended to begin farming. Although he may have engaged in other work, especially when forced to do so by the acts of appellant, the law protected his exemptions under Vernon's Sayles' Statutes, art. 3785. The two mules were his exempt property, and the implements were also exempted under the statute. Smith v. McBryde (Tex. Civ. App.) 173 S. W. 234.

The judgment is affirmed.