

# The Attorney General of Texas

February 25, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John F. Perry
Hopkins County Attorney
Courthouse
Sulphur Springs, Texas    75482

Opinion No. MW-451

Re:  Section 11.161, Property
Tax Code

Dear Mr. Perry:

In 1981, the legislature amended the Property Tax Code by adding section 11.161, which provides that "[a]n individual is entitled to an exemption from taxation of implements of farming or ranching that he owns and uses in the production of farm or ranch products." Acts 1981, 67th Leg., 1st C.S., ch. 13, section 32, at 127. You ask a series of twelve questions, which fall into three principal categories, concerning what items are entitled to exemption, who is eligible to receive the exemption, and what limitations apply to the granting of it. We limit our discussion to the specific questions of statutory construction that you raise.

Section 11.161 was adopted pursuant to authority granted by article VIII, section 1 of the Texas Constitution, which provides, in pertinent part:  "[T]he Legislature by general law may exempt all or part of the personal property homestead of a family or single adult, 'personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation." (Emphasis added).  Article XVI, section 49 of the Texas Constitution authorizes the legislature, by general law, to protect from forced sale a portion of the personal property of heads of families and of unmarried adults, male and female.  Article 3836, V.T.C.S., specifies the property which the legislature has determined is exempt from forced sale:

> (a)  Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following:
>
> . . .

      (2) all of the following which are reasonably necessary for the family or single, adult person, not a constituent of a family: implements of farming or ranching....

Your first six questions are concerned with what items of personal property are entitled to exemption, and are as follows:

      1. Should the term <u>implements</u> be construed so as to include any and all types of equipment or machinery that could be used in an agricultural environment?

      2. Would a dairy operation be entitled to an exemption from taxation for all types of equipment and machinery used in such operation, including, but not limited to, milking, storage, feed and sanitation equipment?

      3. Would vehicles utilized in agricultural products, such as trucks and trailers, be included in this exemption?

      4. Would equipment used to obtain water from wells or for irrigation be exempt?

      5. Would permanent structures such as silos or feed bins and tanks utilized for the production of forage and feed for livestock and poultry and used exclusively by the producer to feed his own stock be exempt?

      6. Could other structures such as barns or sheds used for storage of forage and feed be considered <u>implements</u>?

Neither article XVI, section 49 of the Texas Constitution nor article 3836, V.T.C.S., define what constitutes an "implement of farming or ranching." The predecessor to article 3836, V.T.C.S., now-repealed article 3832, V.T.C.S., employed the phrase "implements of husbandry." "Husbandry" is ordinarily applied to matters involving agriculture. <u>Stuart v. State</u>, 563 S.W.2d 398, 399 (Ark. 1978). "Husbandry" has been defined to be "the business of a farmer, comprehending agriculture or tillage of the ground, the raising, managing, and fattening of cattle and other domestic animals, the management of the dairy and whatever the land produces," and is equivalent to agriculture in its general sense. <u>Simons v. Lovell</u>, 7 Heisk. 510, 516 (Tenn. 1872). <u>See also</u> State ex rel. Boynton v. Wheat <u>Farming Company</u>, 22 P.2d 1093 (Kan. 1933). Therefore, an item which

was an "implement of husbandry" under article 3832 would now be an implement of farming or ranching under article 3836.

In construing article 3832, courts declared that determination as to what constitutes an implement of husbandry is a question of fact to be resolved on a case-by-case basis. Henry v. McLean, 1 White & W. 609 (Tex. Ct. App. 1881). Courts focused on the use to which an item is put, Hickman v. Hickman, 234 S.W.2d 410 (Tex. 1950), declaring "implements of husbandry" to include "all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employees." Smith v. McBryde, 173 S.W. 234, 235 (Tex. Civ. App. - San Antonio 1915, no writ). In construing article 6675a-1, V.T.C.S., which governs vehicle registration and provides an exemption from registration for "implements of husbandry," this office declared that the test was one of primary design and primary use or purpose: "It is fundamental then, that whether a vehicle is an 'implement of husbandry' must be determined by the primary design and primary use or purpose to which the vehicle is put and turns on the 'facts of any particular case.'" Attorney General Opinions M-1254 (1972) (four-wheel riding lawn mower not an "implement of husbandry" within article 6675a-1, V.T.C.S., because not used primarily for agricultural purposes), citing Allred v. J.C. Engelman, Inc., 61 S.W.2d 75 (Tex. 1933) (water truck designed for sole purpose of carrying water for irrigation and gasoline carrier truck designed and used for sole purpose of providing gasoline to tractors in orchards and fields were "implements of husbandry" within article 6675a-1, V.T.C.S.); M-1288 (1972) (piece of equipment designed and used primarily for applicaton of fertilizer and herbicides an "implement of husbandry" within article 6675a-1, V.T.C.S.). In Reaves v. State, 50 S.W.2d 286, 287 (Tex. Crim. App. 1931), the Texas Court of Criminal Appeals construed the phrase in the context of article 827(a), section 3(a), V.T.C.S., which exempted from length limitations placed upon motor vehicles implements of husbandry temporarily propelled or moved upon the public highways. The court stated that "[a]n implement of husbandry is something necessary to the carrying on of the business of farming, etc., without which the work cannot be done."

Employing such tests, courts variously held that planting machines, Smith v. McBryde, supra, cultivators, plows, stalk cutters, riding planters, Seiler v. Buckholdt, 293 S.W. 210 (Tex. Civ. App. - San Antonio 1927, no writ), tractors, Wollner v. Darnell, 94 S.W.2d 1225 (Tex. Civ. App. - Amarillo 1936, no writ), combines, beehives, and trailer chassis, Hickman v. Hickman, 228 S.W.2d 565 (Tex. Civ. App. - Eastland), aff'd, 234 S.W.2d 410 (Tex. 1950), were "implements of husbandry." On the other hand, courts also held that a pickup truck used primarily for purposes of transportation was not exempt as an "implement of husbandry," although, under the statute then in effect, it was exempt as a "carriage." Hickman v. Hickman, supra.

Courts also held that a mill and gin, Cullers v. James, 1 S.W. 314 (Tex. 1886), and a windmill and three gates, all unused and unerected, Hickman v. Hickman, supra, were not exempt; such items would be exempt only if they were attached as fixtures to realty which occupied the status of a homestead.

From the cases, we can abstract two propositions. First, that which is intended to be attached to realty, such as a windmill, a gate, a mill, or a gin, is not an "implement." Courts would probably hold, for example, that structures such as barns, sheds, silos, and tanks are not implements under this statute. However, tools and machines such as combines, tractors, and milling machines would probably fall within the statute. Second, the determination as to which implements are "implements of husbandry" is a fact question to be determined on a case-by-case basis by employing a test of primary design and primary use. We are not empowered to make determinations of fact; hence, we must decline to answer your questions concerning specific items of property.

Your next four questions center on who is eligible to receive the exemption. Section 11.161, Property Tax Code, employs the term "individual," while article XVI, section 49 of the Texas Constitution uses the phrase "...all heads of families, and also of unmarried adults, male and female." Article 3836, V.T.C.S., makes eligible "...each single, adult person, not a constituent of a family, or... a family." Clearly the class of persons embraced by section 11.161, Property Tax Code, could not be greater than the class embraced by article XVI, section 49 of the Texas Constitution and article 3836, V.T.C.S. We must therefore turn to these provisions to determine just who may qualify under section 11.161.

Your first question under this topic is:

> Would the term individual as used in the [code provision] be limited or defined to include only persons in the agricultural business that have sole or complete ownership of all the property necessary for pursuit of said business?

We construe your first question to consist of two related questions: Whether sole or complete ownership of property upon which a claimant seeks exempt status is required, and whether a claimant must possess all of the property necessary to the pursuit of the agricultural business in order to qualify. We conclude that sole or complete ownership of the implements of husbandry is unnecessary. Article 3836(b) and (c), V.T.C.S., both refer to "...property described in [s]ubsection (a) of this article [which lists the kinds of property exempt from forced sale], or any interest therein." (Emphasis added). We believe that the legislature clearly intended

that any recognizable legal interest would be sufficient to impress upon personal property the character of a personal property homestead. We further conclude that the legislature did not intend that a claimant must possess all of the implements of husbandry necessary for the pursuit of an agricultural business before he may qualify any implements. See, e.g., Wollner v. Darnell, supra (where tenant farmer who had rental contract upon 320 acres of land and possessed only one tractor and no horses, court held that, since claimant was unable to farm without the tractor, that tractor was exempt as an implement of husbandry).

We note again that the determination of whether any item of personal property is an "implement of husbandry" is a question of fact and that the term includes "all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employees." Smith v. McBryde, supra, at 235. Since someone not engaged in farming or ranching may not avail himself of the statute, Tucker v. Napier, 1 White & W. 365 (Tex. Ct. App. 1878); Attorney General Opinion M-1254 (1972), a determination must first be made as to whether a claimant is actually engaged in farming or ranching. If he is, then any items of personal property whose "primary design and primary use or purpose" are as an implement for farming or ranching for purposes of article 3836, V.T.C.S., and, concomitantly, section 11.161, Property Tax Code, would qualify.

Your second question under this topic is:

> Would an individual or singular person who has incorporated be entitled to an exemption?

We conclude that a corporation, regardless of the type, is not entitled to an exemption. While the term "individual" in section 11.161 of the Property Tax Code is not expressly limited to "natural persons," the reach of article XVI, section 49 of the Texas Constitution and article 3836, V.T.C.S., clearly is. Exemptions from forced sale were unknown to the common law and are purely statutory creations. Pickens v. Pickens, 83 S.W.2d 951 (Tex. 1935). Under the common law, a debtor was deprived of all of his property and then, frequently, imprisoned. Smith v. McBryde, supra. The purpose of exemption laws is to afford protection to a person in the pursuit of a lawful occupation and to assure to the family of the debtor the shelter of a home, the means of securing a livelihood, and the earnings of the head of the household. Rodgers v. Ferguson, 32 Tex. 533 (1870). Exemption laws were passed not merely for the purpose of protecting the poor from creditors who would deprive the debtor and his family of their means of subsistence, but also to protect persons in the pursuit of legitimate occupations in order that they not become charges on the public. Gaddy v. First National Bank, 283 S.W. 277,

280 (Tex. Civ. App. - Beaumont 1923, no writ).  Even a cursory reading of article XVI, section 49 of the Texas Constitution, article 3836, V.T.C.S., and the cases decided thereunder, make it clear that the exemption reaches only natural persons.

Your third question under this topic is:

> Would a partnership of any nature, including a
> family partnership, be excluded from the benefits
> of this exemption?

We conclude that partnerships, regardless of the type, are not entitled to claim this exemption.  With the adoption of the Uniform Partnership Act, article 6132b, V.T.C.S., the Texas Legislature adopted the so-called "entity" theory, as opposed to the "aggregate" theory of partnerships.  In other words, for most purposes, a partnership is an entity legally distinct from its partners, rather than the aggregate of its partners acting as individuals pursuant to a contract.  See V.T.C.S. art. 6132b, §1, Comment; see generally Bromberg, The Proposed Texas Uniform Partnership Act, 14 Southwestern Law Journal 437 (1960); Bromberg, Texas Uniform Partnership Act -- The Enacted Version, 15 Southwestern Law Journal 386 (1961).  Thus the creditors of an individual partner cannot seize partnership property, nor can a partner claim a homestead or exemption from forced sale in partnership property against partnership creditors.  V.T.C.S., art. 6132b, section 25(2)(c).  See Kelley v. Shields, 448 S.W.2d 135 (Tex. Civ. App. - San Antonio 1969, writ ref'd n.r.e.) (under Uniform Partnership Act, widow not allowed to claim as exempt property tools of trade of a partnership of which her late husband had been a partner).  Therefore, no partnership is entitled to claim an exemption under section 11.161 for "implements of husbandry."

Your fourth and final question under this topic is:

> Would an individual who is a citizen of a foreign
> country be eligible for the exemption?

Citizens of a foreign country are clearly liable for ad valorem taxation on real and personal property which has acquired taxable status in a taxing jurisdiction in Texas.  The question is whether a citizen of a foreign country is also entitled to an exemption under section 11.161.  We conclude that he is so entitled.  The Texas Supreme Court has declared that aliens are entitled to the benefit of state exemption laws, Cobbs v. Coleman, 14 Tex. 594 (1855), as are nonresidents.  Bell v. Indian Live-Stock Company, 11 S.W. 344 (Tex. 1889).  See also Carroll v. First State Bank of Denison, 148 S.W. 818 (Tex. Civ. App. - Dallas 1912, no writ).  We conclude that, since article XVI, section 49 and article 3836, V.T.C.S., reach the property of aliens and nonresidents, section 11.161 does as well.

Your final topic is concerned with what limitations apply to the granting of the exemption. Your first question under this topic is:

> Do the limits [set forth] in [article 3836, V.T.C.S.,] apply to [section 11.161, Property Tax Code]?

Article 3836 places a limitation of "$15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family" on the amount of personal property exempt from forced sale. It has been suggested that these limitations somehow do not apply to the personal property exemption set forth in section 11.161. It has been suggested that section 11.161 exempts from ad valorem taxation, not the specific items which may be exempt from forced sale by operation of article 3836, but instead the class of items upon which article 3836 can operate. In other words, section 11.161 is thought to exempt simply the class of properties reached by the phrase in article 3836 "implements of farming or ranching," without regard to any dollar limitation. In support of this interpretation, it is suggested that this view reflects the intent of the legislature when the section was passed, that, by use of the term "exempt" in both article VIII, section 1 of the Texas Constitution and section 11.161 of the Property Tax Code, the legislature chose to provide a _total_, as opposed to a _partial_, exemption. We disagree.

It is clearly the rule that, when a law is attacked as being unconstitutional, there is a presumption that the law is valid and doubts as to its constitutionality should be resolved in favor of its constitutionality. Smith v. Davis, 426 S.W.2d 827 (Tex. 1968). If an act admits of two constructions, it must not be interpreted in a way which will render it unconstitutional and void. State v. Shoppers World, Inc., 380 S.W.2d 107 (Tex. 1964). Section 11.161 of the Property Tax Code does not on its face contain the dollar limitations contained in article 3836, V.T.C.S. If we were to interpret section 11.161 as not including the limitations, we would be constrained to declare the section unconstitutional. We therefore interpret it to include by implication the limitations set forth in article 3836, V.T.C.S., and hold it constitutional.

Article VIII, section 1 of the Texas Constitution provides in pertinent part: "[T]he Legislature by general law may exempt all or part of the personal property homestead of a family or single adult, 'personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation." (Emphasis added). In other words, the legislature may exempt from ad valorem taxation all or part (i.e., grant either a "partial" or a "total" exemption) of the personal property exempt by law from forced sale for debt. On the other hand, it clearly cannot enlarge the class of properties which it is empowered to exempt as set forth in article

VIII, section 1, Dickison v. Woodmen of the World Life Insurance Society, 280 S.W.2d 315 (Tex. Civ. App. - San Antonio 1955, writ ref'd). Any attempt to do so is void. Tex. Const. art. VIII, section 2(a). Section 11.161 of the Property Tax Code does not purport to expand the class of properties presently exempt from forced sale under article 3836.

If the legislature had wished to exempt implements of farming and ranching without regard to dollar limitations, it could have proposed appropriate language for inclusion in article VIII, section 1. For example, it could have proposed language exempting all or part of the class of properties upon which the personal property homestead provisions operate. Or, in the alternative, the legislature could have amended article 3836, V.T.C.S., by removing the dollar amount limitations. Compare now-repealed article 3832, V.T.C.S. (the predecessor to article 3836, which placed no dollar amount limitations on the personal property homestead exempt from forced sale). But the legislature did not do either.

The law does not favor tax exemptions, since they are the antithesis of equality and uniformity. Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943 (Tex. 1968). Constitutional and statutory provisions creating them are to be construed narrowly with all doubts resolved against granting the exemption. City of Longview v. Markham - McRee Memorial Hospital, 152 S.W.2d 1112 (Tex. 1941). Therefore, we interpret the statute in the more restrictive way and conclude that the dollar amount limitations set forth in article 3836, V.T.C.S., also apply to section 11.161 of the Property Tax Code.

Your last question under this last topic is:

> Would an individual holding equipment and machinery in an agricultural area in which he is not currently engaged, even though he still pursues another type of agricultural useage, be entitled to an exemption?

We understand you to ask whether an individual is entitled to an exemption on implements of husbandry that he owns even though he is not then actually using such implements in farming or ranching. We turn again to the cases decided under article 3836 and its predecessor, now-repealed article 3832. It is clear that a claimant for exemption may be engaged in other work besides farming or ranching. Seiler v. Buckholdt, supra; Smith v. McBryde, supra. With respect to the exemption for tools of the trade, apparatus, and books, it was held that there is no requirement that the claimant be engaged in the particular trade or profession at the time of the levy; it was sufficient that the claimant belonged to the trade or profession and

intended to use the articles therein. McBrayer v. Cravens, Dargan and Roberts, 265 S.W. 694 (Tex. 1924). By analogy we conclude that a claimant who is not engaged in farming or ranching for a temporary period, but retains the requisite intent, has not abandoned his personal property homestead and may claim an exemption under section 11.161. See Seiler v. Buckholdt, supra; Attoway v. Still, 2 Posey 697 (Tex. Comm'n App. 1879).

## S U M M A R Y

1.  The phrase "implements of farming or ranching" under section 11.161 of the Property Tax Code includes those items of equipment or machinery whose primary design and primary use or purpose is that of an implement used by a farmer or rancher in conducting his farming or ranching operations; such a determination turns on the facts of any particular case. "Implements of husbandry" cannot as a matter of law include improvement to real property or fixtures; hence, barns, silos and sheds would not qualify. Items which are neither fixtures nor improvements to real property, such as tractors, cultivators, and trailers, could qualify, depending upon the fact situation in each case.

2.  Section 11.161 of the Property Tax Code reaches, with the term "individual," the same persons reached by the exemption from forced sale provisions, article XVI, section 49 of the Texas Constitution and article 3836, V.T.C.S. Neither partnerships nor corporations can qualify; a claimant must be a natural person.

3.  The dollar limitation restricting the amount of personal property subject to the exemption provisions as set forth in article 3836, V.T.C.S., apply also to section 11.161 of the Property Tax Code.

Very truly yours,

MARK    WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Robert Lattimore
Jim Moellinger
Bruce Youngblood