

# THE ATTORNEY GENERAL
## OF TEXAS

June 4, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mark W. Stiles
Chairman
County Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-718

Re: Whether a rice dryer used in grain production qualifies as farm machinery for purposes of the Tax Code

Dear Representative Stiles:

Article VIII, section 19a, of the Texas Constitution provides that "[i]mplements of husbandry that are used in the production of farm or ranch products are exempt from ad valorem taxation." The present version of section 11.161 of the Tax Code tracks specifically the language of the constitutional exemption. You ask whether a rice dryer owned and operated by a rice farmer and presumably used in rice production, as opposed to processing, falls within the constitutional and statutory provisions. The determination as to whether any item of property is tax exempt involves a factual determination which is inappropriate in the opinion process. We can, however, state the applicable test that a chief appraiser or appraisal review board would invoke when either makes such a determination. If a rice dryer is an implement of husbandry, as opposed to a fixture, and if it is used in the production of farm products, as opposed to the processing of farm products, it would fall within article VIII, section 19a, of the Texas Constitution and section 11.161 of the Tax Code and be exempt from ad valorem taxation. If not, it would be taxable.

In 1981 the legislature amended the Property Tax Code by adding the original version of section 11.161, which exempted "implements of farming or ranching." Acts 1981, 67th Leg., 1st C.S., ch. 13, section 32, at 127. Section 11.161 originally was adopted pursuant to authority granted by article VIII, section 1, of the Texas Constitution, which provides, in pertinent part: "[T]he Legislature by general law may exempt all or part of the personal property homestead of a family or single adult, 'personal property homestead' meaning that personal property exempt by law from forced sale for debt, from ad valorem taxation." Article XVI, section 49, of the Texas Constitution authorizes the legislature, by general law, to protect from forced sale a portion of the personal property of heads of families and of unmarried adults, male and female. Chapter 42 of the Property Code specifies the property that the legislature has determined is exempt from forced sale.

In 1981, article 3836, V.T.C.S., the predecessor to chapter 42, limited to a specified dollar amount the personal property exempt from forced sale. For that reason, this office concluded in Attorney General Opinion MW-451 (1982), that the implements of farming and ranching exempt from ad valorem taxation were likewise limited to specific dollar amounts. Because this limitation was thought to impose a hardship upon farmers and ranchers and for other reasons not relevant to the instant request, article VIII, section 19a, of the Texas Constitution was proposed and adopted in November 1982. Acts 1982, 67th Leg., 2nd C.S., S.J.R. No. 8, §1, at 50. Section 11.161 of the Tax Code, was amended subsequent to the adoption of the constitutional amendment, Acts 1983, 68th Leg., ch. 851, §7, at 4823, and the phrase "implements of farming or ranching" was changed to "implements of husbandry."

In Attorney General Opinion MW-451, this office noted that neither article XVI, section 49, of the Texas Constitution nor article 3836, V.T.C.S., defined what constitutes an "implement of farming or ranching." The predecessor statute to article 3836, V.T.C.S., now-repealed article 3832, V.T.C.S., employed the phrase that now appears in article VIII, section 19a, of the Texas Constitution and section 11.161 of the Tax Code, i.e., "implements of husbandry." "Husbandry" is ordinarily applied to matters involving agriculture. Stuart v. State, 563 S.W.2d 398, 399 (Ark. 1978). "Husbandry" has been defined to be "the business of a farmer, comprehending agriculture or tillage of the ground, the raising, managing, and fattening of cattle and other domestic animals, the management of the dairy and whatever the land produces," and is equivalent to agriculture in its general sense. Simons v. Lovell, 7 Heisk. 510, 516 (Tenn. 1872). See also State ex rel. Boynton v. Wheat Farming Company, 22 P.2d 1093 (Kan. 1933). This office concluded in Attorney General Opinion MW-451, that an item that was an "implement of husbandry" under article 3832, V.T.C.S., would be an "implement of farming or ranching" under article 3836, V.T.C.S. Likewise, we concluded that what would be an "implement of farming or ranching" under article 3836, V.T.C.S., would be an "implement of farming or ranching" under section 11.161 of the Tax Code. We now conclude that what was an "implement of farming or ranching" under the previous version of section 11.161 of the Tax Code, would be an "implement of husbandry" under the amended section 11.161 of the Tax Code. We will turn then to now-repealed article 3832, V.T.C.S., and the cases decided thereunder, as well as other judicial constructions of "implements of husbandry," in order to determine whether a court would hold that a rice dryer is an "implement of husbandry."

In construing article 3832, V.T.C.S., courts declared that the determination as to what constitutes an implement of husbandry is a question of fact to be resolved on a case-by-case basis. Henry v. McLean, 1 White & W. 609 (Tex. Ct. App. 1881). Courts focused on the

use to which an item is put, Hickman v. Hickman, 234 S.W.2d 410 (Tex. 1950), declaring "implements of husbandry" to include

> all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employees.

Smith v. McBryde, 173 S.W. 234, 235 (Tex. Civ. App. - San Antonio 1915, no writ). In construing article 6675a-1, V.T.C.S., which governs vehicle registration and provides an exemption from registration for "implements of husbandry," this office declared that the test was one of primary design and primary use or purpose:

> It is fundamental then, that whether a vehicle is an 'implement of husbandry' must be determined by the primary design and primary use or purpose to which the vehicle is put and turns on the 'facts of any particular case.'

Attorney General Opinion Nos. M-1254 (1972) (four-wheel riding lawn mower not an "implement of husbandry" within article 6675a-1, V.T.C.S., because not used primarily for agricultural purposes), citing Allred v. J. C. Engleman, Inc., 61 S.W.2d 75 (Tex. 1933) (water truck designed for sole purpose of carrying water for irrigation and gasoline carrier truck designed and used for sole purpose of providing gasoline to tractors in orchards and fields were "implements of husbandry" within article 6675a-1, V.T.C.S.); M-1288 (piece of equipment designed and used primarily for application of fertilizer and herbicides an "implement of husbandry" within article 6675a-1, V.T.C.S.). In Reaves v. State, 50 S.W.2d 286, 287 (Tex. Crim. App. 1931), the Texas Court of Criminal Appeals construed the phrase in the context of article 827a, section 3(a), of the Penal Code which exempted from length limitations placed upon motor vehicles "implements of husbandry, including . . . machinery temporarily propelled or moved upon the public highways." The court stated that "[a]n implement of husbandry is something necessary to the carrying on of the business of farming, etc., without which the work cannot be done."

Employing such tests, courts variously held that planting machines, Smith v. McBryde, supra, cultivators, plows, stalk cutters, riding planters, Seiler v. Buckholdt, 293 S.W. 210 (Tex. Civ. App. - San Antonio 1927, no writ), tractors, Wollner v. Darnell, 94 S.W.2d 1225 (Tex. Civ. App. - Amarillo 1936, writ dism'd), combines, beehives, and trailer chassis, Hickman v. Hickman, 228 S.W.2d 565 (Tex. Civ. App. - Eastland), aff'd, 234 S.W.2d 410 (Tex. 1950), were "implements of husbandry." On the other hand, courts also held that a pickup truck used primarily for purposes of transportation was not exempt as an "implement of husbandry," although, under the statute then in effect, it was exempt as a "carriage." Hickman v. Hickman,

supra.  Courts also held that a mill and gin, Cullers v. James, 1 S.W. 314 (Tex. 1886), and a windmill and three gates, all unused and unerected, Hickman v. Hickman, supra, were not exempt as implements of husbandry.

From the cited authorities, we can abstract two propositions. First, that which is intended to be attached to realty, i.e., a "fixture," such as a windmill, a gate, a mill, or a gin, is not an "implement."  A "fixture" is broadly defined as something that is personal in nature but so annexed to realty as to become a part of realty; this does not mean that it must be impossible to remove the fixture.  Fenlon v. Jaffee, 553 S.W.2d 422, 428 (Tex. Civ. App. - Tyler 1977, writ ref'd n.r.e.); see also Capital Aggregates, Inc. v. Walker, 448 S.W.2d 830 (Tex. Civ. App. - Austin 1969, writ ref'd n.r.e.).  Courts would probably hold, for example, that structures such as barns, sheds, silos, and tanks are not implements under this statute.  However, tools and machines such as combines, tractors, and milling machines would probably fall within the statute.  Second, the determination as to which implements are "implements of husbandry" is a fact question to be determined on a case-by-case basis by employing a test of primary design and primary use.

We have been informed that rice dryers are of such size and weight that they must be bolted down and affixed to concrete slabs; they are not movable.  Also, it is the opinion of some knowledgeable in this field that rice dryers are used in the processing of rice, preparatory to its marketing and consumption; others who are knowledgeable in this field claim that rice dryers are used in the production of rice.  The question as to whether a rice dryer is a fixture or an implement and whether it is used in production or in processing is a question of fact.  We are not empowered to make determinations of fact.  We can state, however, the rules that a chief appraiser or an appraisal review board would employ in order to make such a determination.  The phrase "implements of husbandry" under section 11.161 of the Tax Code includes those items of equipment or machinery whose primary design and primary use or purpose is that of an implement used by a farmer or rancher in conducting his farming or ranching operations.  Such a determination turns on the facts of any particular case.  "Implements of husbandry" cannot as a matter of law include improvements to real property or fixtures; hence, barns, silos, and sheds would not qualify.  Items which are neither fixtures nor improvements to real property, such as tractors, cultivators, and trailers, could qualify, depending upon the fact situation in each case.

## S U M M A R Y

The phrase "implements of husbandry" in article VIII, section 19a, of the Texas Constitution and section 11.161 of the Tax Code, includes those

items of equipment or machinery whose primary design and primary use or purpose is that of an implement used by a farmer or rancher in conducting his farming or ranching operations. Such a determination turns on the facts of any particular case. "Implements of husbandry" cannot as a matter of law include improvements to real property or fixtures; hence, barns, silos, and sheds would not qualify. Items that are neither fixtures nor improvements to real property, such as tractors, cultivators, and trailers, could qualify, depending upon the fact situation in each case. The question as to whether a rice dryer is an implement or a fixture and whether it is used in production or in processing is a question of fact whose resolution is inappropriate in the opinion process.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General